COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:      Nathan Maxwell v. The State of Texas

Appellate case number:      01-16-00672-CR

Trial court case number:      16-DCR-073827

Trial court:      434th District Court of Fort Bend County

      Appellant, Nathan Maxwell, pled guilty, without an agreed recommendations as to punishment, to the felony offense of aggravated sexual assault of a child. As part of his plea, appellant signed the trial court's written admonishments. The trial court signed an order on May 27, 2016, accepting Maxwell's plea. A jury decided punishment and the trial court signed a judgment of conviction in accordance with the jury's verdict, sentencing Maxwell to 70 years in the Institutional Division of the Texas Department of Criminal Justice. The trial court signed a certification of defendant's right to appeal and marked two boxes: that this was a plea-bargain case and Maxwell had no right to appeal and that Maxwell waived the right to appeal.

      The record reflects a plea of guilty, but it does not show an agreement or that the plea was made in exchange for the State's recommendation for sentencing. In fact, the record shows that a jury decided Maxwell's sentence. Thus, it appears that this is not a plea-bargain case.

      Additionally, the record contains no waiver of the right to appeal. Further, the Texas Court of Criminal Appeals has held that when a defendant waives his right of appeal before sentencing and without an agreement as to punishment, the waiver is not valid. *See Ex parte Delaney*, 207 S.W.3d 794, 798 (Tex. Crim. App. 2006). A waiver may be valid "if the record showed that the defendant received consideration for his waiver pursuant to a plea agreement." *Jones v. State*, 488 S.W.3d 801, 805 (Tex. Crim. App. 2016). There is no indication in the record that the State gave any consideration for a waiver of Maxwell's right of appeal. *See Ex parte Broadway*, 301 S.W.3d 694, 697–98 (Tex. Crim. App. 2009) (holding *Delaney* rule distinguishable because State gave consideration for waiver of right to appeal).

The Rules of Appellate Procedure require us to dismiss an appeal unless a certification showing that the appellant has the right to appeal has been made part of the record. *See* TEX. R. APP. P. 25.2(a)(2). The rules also provide that an amended trial court's certification of the defendant's right to appeal correcting a defect or omission may be filed in the appellate court. *See* TEX. R. APP. P. 25.2(f), 34.5(c), 37.1. Further, when we have a record, we are obligated to review the record to ascertain whether the certification is defective and, if it is defective, we must use Rules 37.1 and 34.5(c) to obtain a correct certification. *Dears v. State*, 154 S.W.3d 610, 614–15 (Tex. Crim. App. 2005); *see* TEX. R. APP. P. 34.5(c), 37.1.

Accordingly, we abate this appeal and remand the cause to the trial court for further proceedings. On remand, the trial court shall conduct a hearing **within 20 days of the date of this order** at which a representative of the Fort Bend County District Attorney's Office and appellant's appointed counsel shall be present. Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by use of a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound.*

We direct the trial court to:

1) Make a finding regarding whether or not appellant has the right to appeal;
2) If necessary, execute an amended certification of appellant's right to appeal;
3) Make any other findings and recommendations the trial court deems appropriate; and
4) Enter written findings of fact, conclusions of law, and recommendations as appropriate, separate and apart from any docket sheet notations.

The trial court shall have a court reporter, or court recorder, record the hearing. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings, recommendations, and orders with this Court **within 35 days of the date of this order**. The court reporter is directed to file the reporter's record of the hearing **within 35 days of the date of this order**. If the hearing is conducted by video teleconference, a certified recording of the hearing shall also be filed in this Court **within 35 days of the date of this order**.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when records that comply with our order are filed with the Clerk of this Court. The court coordinator of the trial court shall set a hearing date and notify the parties.

---

* On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

It is so ORDERED.

Judge's signature: _/s/ Harvey Brown

☒  Acting individually

Date:  October 6, 2016