COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:     Chandre Lachelle Davison v. The State of Texas

Appellate case number:   01-16-00447-CR

Trial court case number: 1486856

Trial court:             208th District Court of Harris County

Appellant was originally charged with felony murder—a first-degree felony. In return for a guilty plea, the State moved to reduce the charge to the lesser-included offense of injury to a child done intentionally and knowingly—also a first-degree felony. Appellant's plea documentation lacked an agreed recommendation from the State as to sentencing, but it nevertheless stated that appellant agreed to waive the right to appeal. The trial court signed the judgment of conviction, sentencing appellant to 25 years' imprisonment. The trial court's certification of appellant's right to appeal indicates appellant waived the right to appeal.

The Texas Court of Criminal Appeals has held that when a defendant waives his right of appeal before sentencing and without an agreement as to punishment, the waiver is not valid. *See Ex parte Delaney*, 207 S.W.3d 794, 798 (Tex. Crim. App. 2006). The court said:

> . . . in order for a pretrial or presentencing waiver of the right to appeal to be binding at the punishment phase of trial, the waiver must be voluntary, knowing, and intelligent. One way to indicate that the waiver was knowing and intelligent is for the actual punishment or maximum punishment to have been determined by a plea agreement when the waiver was made. However, simply knowing the range of punishment for the offense is not enough to make the consequences of a waiver known with certainty, because it still does not allay the concern that unanticipated errors may occur at the punishment phase of trial.

*Id.* at 799. In *Ex parte Broadway*, 301 S.W.3d 694 (Tex. Crim. App. 2009), the court upheld a waiver of the right to appeal because the State gave consideration for the waiver by agreeing to allow the trial court to consider community supervision with drug treatment as opposed to the minimum 25-year sentence appellant otherwise would face. *See Broadway*, 301 S.W.3d at 697-98; *see also Jones v. State*, 488 S.W.3d 801, 807 (Tex. Crim. App. 2016) (upholding waiver of right to appeal because defendant received consideration for his waiver by State agreeing to abandon one of two enhancement paragraphs, reducing the minimum sentence from 25 to 5 years).

In this case, there is no indication in the record that the State gave any consideration for appellant's waiver of his right of appeal. Although the State reduced the charged offense from felony murder to injury to a child committed intentionally and knowingly, both offenses are first-degree felonies with a possible sentence of life imprisonment or imprisonment for not less than 5 and not more than 99 years. *See* TEX. PENAL CODE § 19.02(b)(3), (c) (felony murder); *id*. § 22.04(a), (e) (injury to a child); *id*. § 12.32(a) (punishment for first-degree felony). Therefore, unlike in *Broadway* and *Jones*, there does not appear to have been any sentencing benefit to appellant in the charge reduction because the minimum and maximum punishment did not change.

The Rules of Appellate Procedure require us to dismiss an appeal unless a certification showing that the appellant has the right to appeal has been made part of the record. *See* TEX. R. APP. P. 25.2(a)(2). The rules also provide that an amended trial court's certification of the defendant's right to appeal correcting a defect or omission may be filed in the appellate court. *See* TEX. R. APP. P. 25.2(f), 34.5(c), 37.1. When we have a record, we are obligated to review the record to ascertain whether the certification is defective and, if it is defective, we must use Rules 37.1 and 34.5(c) to obtain a correct certification. *Dears v. State*, 154 S.W.3d 610, 614–15 (Tex. Crim. App. 2005); *see* TEX. R. APP. P. 34.5(c), 37.1.

Accordingly, we abate this appeal and remand the cause to the trial court for further proceedings. On remand, the trial court shall conduct a hearing within 20 days of the date of this order at which a representative of the Harris County District Attorney's Office and appellant's appointed counsel shall be present. Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by use of a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound.*

We direct the trial court to:

1) make a finding regarding whether or not appellant has the right to appeal;
2) if necessary, execute an amended certification of appellant's right to appeal;

---

\* On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

3) make any other findings and recommendations the trial court deems appropriate; and

4) enter written findings of fact, conclusions of law, and recommendations as appropriate, separate and apart from any docket sheet notations.

The trial court shall have a court reporter, or court recorder, record the hearing. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings, recommendations, and orders with this Court **within 25 days of the date of this order**. The court reporter is directed to file the reporter's record of the hearing **within 25 days of the date of this order**. If the hearing is conducted by video teleconference, a certified recording of the hearing shall also be filed in this Court **within 25 days of the date of this order**.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when records that comply with our order are filed with the Clerk of this Court. The court coordinator of the trial court shall set a hearing date and notify the parties.

It is so ORDERED.


Judge's signature: /s/ <u>Michael Massengale</u>
                   ☒ Acting individually


Date: <u>December 13, 2016</u>