**Opinion issued May 18, 2017**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-17-00124-CR

_____

**TIMMIE RAY MCDUFFY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 232nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1520651**

---

## MEMORANDUM OPINION

Appellant, Timmie Ray McDuffy, pleaded guilty to the first-degree felony offense of possession with intent to deliver a controlled substance, namely, phencyclidine, weighing more than four grams and less than 200 grams by aggregate weight, without an agreed punishment recommendation pending a pre-sentence

investigation ("PSI") hearing.[1] In exchange for appellant's plea, the State abandoned a deadly-weapon enhancement paragraph in the indictment and agreed to recommend a sentencing cap of fifteen years' confinement. At the PSI hearing, the trial court found appellant guilty and assessed his punishment at five years' confinement.[2] The trial court certified that appellant had waived his right of appeal, but appellant timely filed a pro se notice of appeal.[3] *See* TEX. R. APP. P. 25.2(a)(2), 26.2(a)(1). We dismiss this appeal for want of jurisdiction.

A valid waiver of appeal—one made voluntarily, knowingly, and intelligently—prevents a defendant from appealing without the trial court's consent. *See Ex parte Broadway*, 301 S.W.3d 694, 697–99 (Tex. Crim. App. 2009) (citations omitted) (holding that defendant may knowingly and intelligently waive appeal without sentencing agreement when consideration is given by State for waiver); *see also Jones v. State*, 488 S.W.3d 801, 807 (Tex. Crim. App. 2016) (upholding waiver of right to appeal because defendant received consideration for

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(8), 481.115(a), (e) (West 2009).

[2] *See* TEX. PENAL CODE ANN. § 12.32(a) (West 2009).

[3] Appellant also filed a notice of appeal from the related trial court cause number 1523825, which was assigned to appellate cause number 01-17-00125-CR. Appellant's sentence in this case was set to run concurrently to the sentence in trial court cause number 1523825.

2

his waiver by State agreeing to abandon one of two enhancement paragraphs, reducing minimum sentence from 25 to 5 years).

Here, the trial court's certification, included in this Court's records, states that appellant waived his right of appeal, and the trial court did not give its permission to appeal any matters. *See* TEX. R. APP. P. 25.2(a)(2), (d); *Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005). The records confirm that appellant pleaded guilty to the first-degree felony offense of phencyclidine possession, without an agreed punishment recommendation, in exchange for the State's abandoning the deadly-weapon enhancement paragraph and agreeing to a fifteen-year sentencing cap recommendation. Thus, the records support the trial court's certification. *See Dears*, 154 S.W.3d at 615; *see also Jones*, 488 S.W.3d at 807. Thus, because appellant has validly waived his right of appeal, we must dismiss this appeal without any further action. *See Menefee v. State*, 287 S.W.3d 9, 12 n.12 (Tex. Crim. App. 2009); *see also Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

Accordingly, we dismiss this appeal for want of jurisdiction. *See* TEX. R. APP. P. 43.2(f). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Higley, Bland, and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).