COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:      Lloyd Gipson Carter v. The State of Texas

Appellate case number:   01-18-00116-CR

Trial court case number:  1488008

Trial court:               176th District Court of Harris County

Appellant, Lloyd Gipson Carter, pleaded guilty to the first-degree felony offense of murder on July 7, 2017, and his trial counsel filed a motion for community supervision. Appellant's plea was made without an agreed punishment recommendation from the State pending a pre-sentence investigation ("PSI") report and hearing, but his plea waiver stated that appellant agreed to waive his right to appeal in exchange for the State's agreement to waive its right to a jury trial. At the November 8, 2017 PSI hearing, the trial court adjudicated appellant guilty and assessed his punishment at 60 years' confinement. The trial court's certification of appellant's right to appeal indicates that he waived the right to appeal. *See* TEX. R. APP. P. 25.2(a)(2). Through new counsel, Appellant filed a motion for a new trial, which the trial court denied without a hearing. Appellant timely filed a notice of appeal on February 5, 2018, to challenge this denial.

The Rules of Appellate Procedure require this Court to dismiss an appeal unless a certification showing that the appellant has the right to appeal has been made part of the record. *See* TEX. R. APP. P. 25.2(a)(2). The rules also provide that an amended trial court's certification of the defendant's right to appeal correcting a defect or omission may be filed in the appellate court. *See* TEX. R. APP. P. 25.2(f), 34.5(c), 37.1. Further, when the Clerk of this Court receives the record, it is obligated to review the record to ascertain whether the certification is defective and, if it is defective, it must use Rules 37.1 and 34.5(c) to obtain a correct certification. *Dears v. State*, 154 S.W.3d 610, 614–15 (Tex. Crim. App. 2005); *see* TEX. R. APP. P. 34.5(c), 37.1.

Because the certification appeared defective, the Clerk of this Court's March 13, 2018 notice requested a supplemental clerk's record containing an amended certification, if necessary. On May 15, 2018, a supplemental clerk's record was filed containing the trial court's findings of fact and conclusions of law, signed on April 13, 2018. The trial

court found that appellant's waiver of his right of appeal was bargained for in exchange for the State's waiver of its right to a jury trial and concluded that appellant had knowingly and intelligently waived his right of appeal as part of this plea bargain. *See Ex parte Broadway*, 301 S.W.3d 694, 697-99 (Tex. Crim. App. 2009).

Appellant filed a motion to abate this appeal for the trial court to hold an evidentiary hearing on his motion for new trial. The State filed a response in opposition to the motion to abate with a motion to dismiss this appeal for want of jurisdiction. The State argued that, as in *Broadway*, under Article 1.13 of the Texas Code of Criminal Procedure, "a defendant may not unilaterally waive the right to a jury trial" because the court and State must consent, and the State's consent was consideration for the appellant's waiver of his right of appeal. *See Ex parte Broadway*, 301 S.W.3d at 698–99. Appellant filed a response contending that the State's motion should be denied because his waiver of his right of appeal was not made knowingly and intelligently and he did not receive consideration for his waiver because the trial court was not permitted to consider community supervision for a murder charge.

The Court of Criminal Appeals has held that when a defendant waives his right of appeal before sentencing and without a punishment agreement, the waiver is not valid. *See Ex parte Delaney*, 207 S.W.3d 794, 798 (Tex. Crim. App. 2006). The Court held that, "in order for a pretrial or presentencing waiver of the right to appeal to be binding at the punishment phase of trial, the waiver must be voluntary, knowing, and intelligent," and "[o]ne way to indicate that the waiver was knowing and intelligent is for the actual punishment or maximum punishment to have been determined by a plea agreement when the waiver was made." *Id.* at 799. The Court of Criminal Appeals in *Broadway* reiterated the *Delaney* rule, but distinguished it because the State there gave consideration for the waiver. *See Ex parte Broadway*, 301 S.W.3d at 697-98. The *Broadway* Court upheld the appellant's presentencing waiver because the State had consented to appellant's waiver of his right to a jury trial, which he did to allow the trial court to consider alternative placement on community supervision with drug treatment as opposed to the minimum 25-year prison sentence with a plea bargain. *See id.* at 696-98; *see also Jones v. State*, 488 S.W.3d 801, 807 (Tex. Crim. App. 2016) (upholding waiver of right to appeal because defendant received consideration for waiver by State's agreement to abandon enhancement paragraph which reduced minimum sentence from 25 to 5 years).

Here, there is no indication in the record that the appellant's presentencing waiver was voluntary, knowing, and intelligent because it was without an agreed punishment recommendation and, thus, was not part of a plea bargain. *See Ex parte Delaney*, 207 S.W.3d at 799 (stating that "[o]ne way to indicate that the waiver was knowing and intelligent is for the actual punishment or maximum punishment to have been determined by a plea agreement when the waiver was made."). In *Broadway*, the trial court had admonished the appellant, who was charged with two crimes, including one drug-related felony, that if he did an open plea and waived his right to a jury trial, that would allow the court "to consider giving [him] some kind of drug treatment on probation." *Ex parte*

*Broadway*, 301 S.W.3d at 696 ("In order to secure the judge's ability to consider deferred-adjudication community supervision with drug treatment," appellant "waived his right to a jury trial" and pleaded guilty to both charges, but court still assessed punishment at minimum 25 years' confinement). However, unlike *Broadway* and *Jones*, there was no sentencing consideration given to Appellant for his presentencing waiver of his right of appeal because the trial court was not permitted to consider community supervision for a murder charge and his maximum punishment range did not change. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, §§ 3g(a)(1)(A), 5(d)(4) (West 2006) (limitation on judge-ordered community supervision does not apply to murder charges).

Accordingly, the Court **DENIES** the State's motion to dismiss and **GRANTS** Appellant's motion to abate, in part. The Court **abates** this appeal and **remands** the cause to the trial court to conduct a hearing at which a representative of the Harris County District Attorney's Office and appellant's counsel, Jimmy D. Ashley, shall be present.*

We direct the trial court to:
1) Make a finding regarding whether or not appellant has the right to appeal;
2) If necessary, execute an amended certification of appellant's right to appeal;
3) Make any other findings and recommendations the trial court deems appropriate; and
4) Enter written findings of fact, conclusions of law, and recommendations as appropriate, separate and apart from any docket sheet notations.

The court coordinator of the trial court shall set a hearing date **within 30 days of the date of this order** and notify the parties. The trial court shall have a court reporter record the hearing. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's amended certification, findings, and orders with this Court **within 10 days of the date of the hearing**. The court reporter is directed to file the supplemental reporter's record of the hearing **within 10 days of the date of the hearing**.

This appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when supplemental records that comply with this Order are filed with the Clerk of this Court.

It is so ORDERED.
Judge's signature: /s/ Evelyn V. Keyes
                  ☑ Acting individually     ☐ Acting for the Court
Date: July 24, 2018

---

*      Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by use of a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound. On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.