**Opinion issued August 28, 2018**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-17-00310-CR

————————————

**HERNAN PATINO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 176th District Court**
**Harris County, Texas**
**Trial Court Case No. 1488464**

---

## MEMORANDUM OPINION

Without an agreed punishment recommendation from the State, appellant, Hernan Patino, pleaded guilty to the felony offense of indecency with a child by sexual contact.[1] The trial court found appellant guilty and assessed his punishment

---

[1]  *See* TEX. PENAL CODE ANN. § 21.11(a), (c), (d) (West Supp. 2017).

at confinement for ten years. Appellant timely filed a notice of appeal. We dismiss the appeal.

An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. TEX. R. APP. P. 25.2(d); *Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005). Here, the trial court certified that appellant had waived his right of appeal. In this Court, appellant filed a motion to abate the appeal, asserting that the certification was defective because the record did not reflect a bargained-for waiver of his right of appeal. We granted appellant's motion, abated the appeal, and remanded the case to the trial court for clarification of appellant's right of appeal.

After we abated the appeal, the trial court held a hearing at which appellant's counsel and the State were present. At that hearing, appellant's counsel stated his belief that, "in reviewing the record more thoroughly with the plea admonishments" from the trial court, appellant "does appear to have waived his right to appeal in exchange for the State giving up their right to a jury trial." The State agreed that "the record from the plea hearing shows that [appellant] waived his right to appeal in exchange for a consideration from the State, with that consideration being that . . . the State would waive its right to a jury trial." At the trial court's request, the State read a portion "from the Reporter's Record of [appellant's] plea hearing":

> And as the Trial Judge is admonishing [appellant] about his plea on Page 5 of the Reporter's Record, the Trial Judge says, "Okay. And I see from

the paperwork that you have checked the box where you're waiving and giving up your right of appeal. Are you giving up that right of appeal in exchange for the State giving up their right to a jury trial?

[Appellant] answers, "Yes, ma'am."

The Court states, "State willing to give up their right to a jury trial?"

The trial prosecutor states, "State waives its right to a jury trial, Your Honor."

At the end of the abatement hearing, the trial court stated, "[L]et the record reflect that [appellant] waived [his right of appeal] in consideration of the State waiving their right to a jury trial." The trial court also signed findings of fact and conclusions of law, finding:

1. On December 12, 2016, in cause number 1488464, appellant pleaded guilty to the offense of indecency with a child and waived his right of appeal in exchange for the State waiving its right to a jury trial. . . .

2. During the plea hearing conducted by Judge Stacey Bond on December 12, 2016, appellant himself, in the presence of his lawyer, orally affirmed that he was waiving his right of appeal in exchange for the State waiving its right to a jury trial. . . .

3. On December 12, 2016, Judge Bond executed the "trial court's certification of defendant's right of appeal." . . . The judge marked the box stating that appellant waived his right of appeal. . . . Both appellant and his attorney signed this document.

And the trial court concluded:

1. Appellant knowingly and voluntarily entered his guilty plea and waived his right of appeal.

2. Appellant entered an enforceable plea-bargain agreement with the State when he pleaded guilty and waived his right of appeal. By waiving its right to a jury trial, the State provided valid consideration for the plea-bargain agreement. *Ex parte Broadway*, 301 S.W.3d 694 (Tex. Crim. App. 2009).

3. Since appellant waived his right of appeal pursuant to a valid and enforceable plea-bargain agreement in which both parties provided consideration, appellant has no right of appeal. *Id.* Therefore, the certification of appellant' s right to appeal executed by Judge Bond on December 12, 2016, is accurate.

A valid waiver of appeal—one made voluntarily, knowingly, and intelligently—prevents a defendant from appealing without the trial court's consent. *See Ex parte Broadway*, 301 S.W.3d at 697 (citing *Monreal v. State*, 99 S.W.3d 615, 617 (Tex. Crim. App. 2003)); *see also* TEX. CODE CRIM. PROC. ANN. art. 1.14 (West 2005) ("The defendant in a criminal prosecution for any offense may waive any rights secured him by law . . . ."). "[A] defendant may knowingly and intelligently waive his entire appeal as a part of a plea, even when sentencing is not agreed upon, where consideration is given by the State for that waiver." *Ex parte Broadway*, 301 S.W.3d at 699; *see Jones v. State*, 488 S.W.3d 801, 807 (Tex. Crim. App. 2016) (explaining presentence waivers of right of appeal have been upheld when record showed defendant received consideration for waiver pursuant to plea agreement). Here, the record reflects that, by agreeing to waive its right to a jury trial, the State gave consideration for appellant's waiver of his right to appeal. *See Ex parte Broadway*, 301 S.W.3d at 697–98. Because the record demonstrates that he waived

his right of appeal, appellant may not appeal his conviction. *See id.* at 697; *Blanco v. State*, 18 S.W.3d 218, 219 (Tex. Crim. App. 2000); *see, e.g.*, *Macias-Sanchez v. State*, No. 14-16-00302-CR, 2017 WL 950129, at *1 (Tex. App.—Houston [14th Dist.] Mar. 9, 2017, no pet.) (mem. op., not designated for publication).

Accordingly, we reinstate the appeal and dismiss the appeal for want of jurisdiction. We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Keyes, Bland, and Lloyd.

Do not publish. TEX. R. APP. P. 47.2(b).