

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0587-15

**ANDREW OLEVIA JONES, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FIRST COURT OF APPEALS
### HARRIS COUNTY

ALCALA, J., delivered the opinion of the Court in which KELLER, P.J., MEYERS, JOHNSON, KEASLER, HERVEY, RICHARDSON, and YEARY, JJ., joined. NEWELL, J., did not participate.

## O P I N I O N

In this petition for discretionary review, Andrew Olevia Jones, appellant, challenges the court of appeals's dismissal of his appeal for want of jurisdiction. In particular, appellant contends that, because the trial court's certification of the right of appeal was defective by indicating that he waived his appellate rights, the court of appeals erred by upholding that certification as a basis for dismissing his appeal. Appellant claims that he did not waive his

right of appeal because he did not sign any document that would be adequate to show a valid waiver of that right, and he further contends that the record does not otherwise indicate that he waived his right to appeal. The State, however, contends that the court of appeals properly found that appellant waived his right of appeal based on the plea agreement that was entered into between the State and appellant. Pursuant to that agreement, the State abandoned one of the two punishment-enhancement paragraphs that had been alleged, thereby reducing the minimum punishment that appellant could receive from twenty-five years in prison to five years in prison. In exchange, appellant agreed to plead guilty, waive his right to trial, and waive his right to appeal. We conclude that, although he did not have an agreed punishment recommendation from the State, the record supports a determination that appellant did enter into a bargained-for waiver of his right of appeal in exchange for the State's abandonment of the enhancement. We affirm the court of appeals.

## I. Background

Appellant was charged with assault on a family member. Because it was alleged that he committed the offense by impeding the normal breathing of his wife by choking her, and because it was alleged that he had been previously convicted of aggravated assault on a family member, the charged offense was a second-degree felony. *See* TEX. PENAL CODE § 22.01(b-1)(1), (2), (3). In addition, two enhancement paragraphs alleged that appellant had twice before been convicted of felony offenses, which elevated the punishment range to a minimum prison sentence of twenty-five years with a maximum sentence of ninety-nine years

or life in prison.  *See id.* § 12.42(d).

At the initial plea hearing, appellant entered a plea of guilty to the charged offense without an agreed recommendation as to punishment from the State, and, after the State abandoned one of the two punishment-enhancement paragraphs, appellant pleaded true to the other enhancement paragraph.[1]  Those terms had been described in a document titled "Plea information," which states, "Abandon one [enhancement paragraph], plead to PSI WOAR." That document was signed by the prosecuting attorney, but appellant did not sign it. At the time of the initial plea hearing, the trial court determined that there was sufficient evidence of guilt, but it made no finding of guilt, instead indicating that it would withhold judgment until the pre-sentence investigation hearing.

In support of his plea, appellant signed a document styled "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession," which indicated that he agreed to waive his right to a trial by jury and plead guilty. This document further includes a notation that shows that the prosecutor would recommend that punishment be set at "WOAR" (without agreed recommendation).  Although appellant's plea was without an agreed punishment recommendation, this document showed that appellant agreed to waive the right of appeal if the trial court accepted the plea-bargain agreement.  That language states, "Further, I waive any right of appeal which I may have should the court accept the foregoing

---

[1]    Appellant also pleaded true to the allegation that he had previously been convicted of aggravated assault on a family member, thus raising the offense level to that of a second-degree felony.  *See* TEX. PENAL CODE § 22.01(b-1).

plea bargain agreement between myself and the prosecutor." Concurrent with this document, the trial judge signed a document entitled "Trial Court's Certification of Defendant's Right of Appeal." The certification states that "the defendant has waived the right of appeal." Appellant acknowledged that statement with his signature.

The sentencing hearing was held about two months later. The trial judge explained that appellant had entered a plea of guilty without an agreed punishment recommendation, that the State had abandoned one of the two enhancement paragraphs, and that the range of punishment with the single prior-felony-conviction enhancement was five to ninety-nine years or life.[2] After formally accepting his plea of guilty, the trial court sentenced appellant to fifteen years' imprisonment. The trial court's written judgment states that appellant was convicted of a second-degree felony; that he pleaded guilty "without an agreed recommendation" as to punishment, with sentencing to be carried out after a PSI hearing; and that, as to the two enhancement paragraphs, the first was "abandoned," and the second was "N/A."[3]

Appellant sought to appeal his sentence to the court of appeals, arguing that the trial court had erred by certifying that he had no right of appeal. He additionally asserted two

---

[2]     *See* TEX. PENAL CODE §§ 12.32(a), 12.42(b).

[3]     The trial court's written judgment indicating that the enhancement paragraph was abandoned appears to be inconsistent with the record, which indicates that appellant pleaded true to one enhancement and that the State abandoned the other enhancement. Because we conclude that the court of appeals properly dismissed this case for lack of jurisdiction, we do not address appellant's complaints regarding this discrepancy.

points of error related to the trial court's failure to require that his psychological evaluation include an adaptive-behavior score and its failure to indicate in the written judgment that it had found an enhancement paragraph true. *Jones v. State*, No. 01-14-00501-CR, 2015 WL 1734910, at *1 (Tex. App.—Houston [1st Dist.] Apr. 14, 2015). The State moved to dismiss the appeal for want of jurisdiction, relying on the certification in the record that states that appellant waived his right to appeal. *Id*. The court of appeals agreed with the State. *Id*. In reaching its conclusion, the appellate court reasoned that the waiver was valid because, although there was no agreed recommendation as to punishment, the State had agreed to abandon one of the enhancement paragraphs in exchange for appellant's waiver of his right to appeal, thereby reducing the minimum punishment that appellant would face from twenty-five years to five years. *Id*. at *2 (stating that the "record shows that [appellant] waived his right to appeal as consideration, along with his plea, for the State's abandoning the second enhancement"). The court of appeals accordingly held that the trial court's certification indicating that appellant had waived his right to appeal was supported by the record, and it dismissed the appeal for want of jurisdiction. *Id.*

This Court granted appellant's petition for discretionary review in order to assess his contention that the court of appeals erred in dismissing his appeal because the trial court's certification of the right to appeal was defective in stating that he had waived his appellate rights.

**II. Analysis**

Appellant challenges the dismissal of his appeal by the court of appeals. He contends that the trial court's certification was defective in that it erroneously indicates that he waived his right to appeal, and he further contends that the appellate court should not have dismissed his appeal on that basis. For the reasons explained below, we disagree. We conclude that, because appellant received consideration for his waiver in the form of the State's abandonment of an enhancement paragraph, the record supports the court of appeals's determination that appellant validly waived his appellate rights pursuant to the terms of his plea agreement.

The Texas Rules of Appellate Procedure provide, "The trial court shall enter a certification of the defendant's right of appeal each time it enters a judgment of guilt or other appealable order." TEX. R. APP. P. 25.2(a)(2). The rule continues,

> The certification shall include a notice that the defendant has been informed of his rights concerning an appeal . . . . This notification shall be signed by the defendant, with a copy given to him. . . . . The appeal must be dismissed if a certification that shows the defendant has the right of appeal has not been made part of the record under these rules.

TEX. R. APP. P. 25.2(d). However, the rules further provide that, if the "certification of [a] defendant's right of appeal in a criminal case is defective, the clerk must notify the parties of the defect so that it can be remedied, if possible." TEX. R. APP. P. 37.1. This Court has held that a defective certification includes one that is "correct in form but which, when compared with the record before the court, proves to be inaccurate." *Dears v. State*, 154 S.W.3d 610, 614 (Tex. Crim. App. 2005). A certification that is contrary to the record before

the appellate court is defective. *Id.* at 615. An appellate court is obligated to review the record to determine if the certification is contrary to the record and therefore defective. *See id.*; *see also Marsh v. State*, 444 S.W.3d 654, 659 (Tex. Crim. App. 2014) (an appellate court is "obligated to compare the certification with the record to ascertain whether a certification is defective and act accordingly").

In determining whether a defendant has validly waived his right of appeal pursuant to a plea agreement, we look to the written agreement, as well as to the formal record, to determine the terms of the agreement. *Ex parte De Leon*, 400 S.W.3d 88, 89 (Tex. Crim. App. 2013). We apply general contract-law principles to determine the intended content of a plea agreement. *Id.* A valid waiver of the right of appeal is one that was made voluntarily, knowingly, and intelligently. *Monreal v. State*, 99 S.W.3d 615, 617 (Tex. Crim. App. 2003).

Although this Court has held that certain waivers of the right to appeal executed prior to sentencing are invalid, we have upheld such waivers under other circumstances in which the record showed that the defendant received consideration for his waiver pursuant to a plea agreement. *Compare Ex parte Delaney*, 207 S.W.3d 794, 798 (Tex. Crim. App. 2006) (holding invalid defendant's pre-sentencing waiver of right to appeal), *with Ex parte Broadway*, 301 S.W.3d 694, 697 (Tex. Crim. App. 2009) (upholding defendant's pre-sentencing waiver of right to appeal because he received consideration for that waiver).

In *Ex parte Delaney*, the facts showed that the defendant had entered a non-negotiated plea of guilty to aggravated robbery, and he was placed on deferred-adjudication community

supervision. 207 S.W.3d at 795. At the time of his plea, Delaney signed and executed a waiver of his right to appeal. *Id*. After his community supervision was revoked, Delaney was sentenced to life imprisonment. *Id*. The trial court denied him permission to appeal, relying on the waiver that he had executed at the time of his guilty plea. *Id*. In his subsequent application for a post-conviction writ of habeas corpus, Delaney challenged the validity of his waiver of the right to appeal. *Id*. at 796. In holding that Delaney's waiver was invalid, this Court observed that, "[w]hen a presentencing waiver of appeal was not bargained for in exchange for an agreed upon sentence, concerns as to the validity of the waiver are raised." *Id*. at 798. More particularly, the Court stated, "When the punishment that may be assessed if guilt is adjudicated is not certain, the validity of a pretrial waiver of appeal is in question because the waiver cannot be knowing and intelligent when potential errors cannot be anticipated and the consequences of the waiver are unknown." *Id*. Applying these principles to Delaney's case, the Court held that his waiver was not knowing and intelligent. *Id*. at 799. The Court reasoned that Delaney's waiver of appeal "was executed before the trial court decided to proceed to adjudication of guilt, it was unbargained for, and there was no recommended sentence." *Id*. at 798. It further reasoned that, at the time he waived his right of appeal, Delaney "could not know what errors might occur at the sentencing phase of trial or what punishment would be assessed if guilt was adjudicated." *Id*. at 800. Given this uncertainty as to the ultimate consequences of his waiver, this Court held that Delaney's waiver was invalid. *Id*.

Several years later, this Court again considered the validity of a pre-sentencing waiver of the right to appeal in *Ex parte Broadway*, 301 S.W.3d at 695. In *Broadway*, after rejecting the State's plea-bargain offer, the defendant entered an open plea of guilty to two felony offenses, enhanced by two prior felony convictions. *Id*. Like the defendant in *Delaney*, Broadway signed a pre-sentencing waiver of his right to appeal. *Id*. The particular facts in *Broadway* showed that, at the plea hearing, the trial judge informed Broadway that, if he were to enter an open plea, that would allow the trial court to consider giving him community supervision with drug treatment, as opposed to the minimum twenty-five-year sentence that he was otherwise facing. *Id*. at 696. Broadway subsequently entered an open plea, and the judge assessed his punishment at twenty-five years' imprisonment. *Id*. After Broadway filed an application for a post-conviction writ of habeas corpus, this Court filed and set his case to determine whether Broadway's waiver of his right of appeal was valid. *Id*. at 695-96. In upholding the validity of the waiver, this Court explained that, unlike the facts in *Delaney*, "there was a bargain in [Broadway's] case because the State gave consideration for [his] waiver of appeal." *Id*. at 698. Although the bargain did not constitute a formal plea-bargain agreement because there was no recommendation as to punishment, this Court observed that "a bargain of a different sort originated from [Broadway's] decision to waive his right to a jury in order to ensure that the judge would be able to consider deferred-adjudication community supervision with drug treatment." *Id*. at 697-98. As to this matter, the Court observed that Broadway could not have unilaterally waived the right to a jury trial—the court

and the State must also have consented to the waiver. *Id.* at 698 (citing TEX. CODE CRIM. PROC. art. 1.13). The Court further took note of evidence in the record suggesting that the State "did not want to consent to [Broadway's] waiver of a jury trial" and that Broadway had "induced the State to consent by waiving his right to appeal." *Id.* Given the existence of a bargained-for waiver in *Broadway*, the Court distinguished *Delaney* by explaining that a "key component to [its] analysis in *Delaney* was that the waiver of appeal was not the result of a bargain." *Id.* at 697. In light of this distinction, and because the record showed that Broadway was adequately aware of the circumstances surrounding the waiver of his right of appeal, the Court upheld Broadway's waiver. *Id.* at 699 (holding "that a defendant may knowingly and intelligently waive his entire appeal as a part of a plea, even when sentencing is not agreed upon, where consideration is given by the State for that waiver").

The parties appear to agree that *Delaney* and *Broadway* set forth the relevant principles for deciding this case, but they disagree as to how the holdings of those cases apply to the circumstances before us. The State contends that the court of appeals properly held, under the reasoning of *Broadway*, that appellant waived his right of appeal because he received consideration for his waiver through the State's abandonment of an enhancement paragraph. In particular, the State asserts that, because appellant "clearly benefitted from the State's abandonment of one of the enhancement paragraphs," the rule of *Broadway* is controlling, and, thus, appellant's waiver of his appellate rights was valid and must be upheld. *See id.* at 697-98. Appellant, on the other hand, contends that his case more properly

falls under the holding of *Delaney*, not *Broadway*, and thus the waiver of his appellate rights is not binding. *See Delaney*, 207 S.W.3d at 799-800. Specifically, he asserts that, unlike in *Broadway*, here there was "no evidence of a bargain" in the record. He further asserts that the plea form containing a waiver of his appellate rights was boilerplate and thus inadequate to show a knowing and voluntary waiver. As to these contentions, we agree with the State and disagree with appellant.

As the State accurately observes, the record before us shows that it gave consideration for appellant's waiver of his right of appeal, and, therefore, this situation falls within the holding of *Broadway*, which dictates that the parties' agreement must be enforced on appeal. *See Broadway*, 301 S.W.3d at 699. The record indicates that the State agreed to abandon an enhancement paragraph, which had the effect of reducing the minimum statutory sentence from twenty-five years in prison to five years in prison. In exchange for that benefit, appellant agreed to plead guilty, waive his right to a jury trial, and waive his right of appeal. As evidence of this agreement, appellant signed a document stating, "Further, I waive any right of appeal which I may have should the court accept the foregoing plea bargain agreement between myself and the prosecutor." He also signed the trial court's certification indicating his understanding that he had waived his right of appeal. In addition, the prosecuting attorney signed a document entitled "Plea Information," which indicates the State's agreement to abandon the enhancement paragraph, with the understanding that appellant would "plead to PSI WOAR," which we understand to mean that he would enter

an open plea after presentence investigation without an agreed recommendation. All of these documents were signed and filed with the trial court one day before the initial plea hearing. The trial court subsequently sentenced appellant to fifteen years in prison, ten years less than the statutory minimum had the State not abandoned one of the enhancement paragraphs. Here, as in *Broadway*, although there was no recommendation as to punishment, a bargain of a different sort originated from appellant's decision to waive his rights to a jury and appeal in order to ensure that he would not be subject to a mandatory minimum sentence of twenty-five years' imprisonment. *See id.* at 697-98. This case is, therefore, distinguishable from *Delaney*, which dealt with an unbargained-for waiver. *See Delaney*, 207 S.W.3d at 796, 798. Although the trial judge did not expressly reference the terms of the bargain on the record during the plea proceedings, we conclude that the documents in the record here are adequate to show that appellant's waiver of his right of appeal was a part of his plea agreement and that he received consideration for it. *See Broadway*, 301 S.W.3d at 699. Because the trial court accepted the plea-bargain agreement, the waiver of the right of appeal was binding on appellant. *Compare id.*, *with Delaney*, 207 S.W.3d at 798-99.

In attempting to distinguish this case from *Broadway*, appellant asserts that that case is inapplicable here because it "endorses a bargain wherein consideration is given by the State for the defendant's waiver of appeal, not his plea." By this, appellant appears to suggest that *Broadway* applies only to situations in which it is clear from the record that the State's consideration was given solely and exclusively for the waiver of appellate rights, and

not to situations indicating that consideration was given both for the waiver of appellate rights and the waiver of the right to trial, as here. We decline to adopt this narrow interpretation of *Broadway*. Although the particular facts in *Broadway* dealt with a situation in which the defendant's waiver of his right of appeal was the sole bargaining chip offered by him in exchange for some benefit from the State, we do not interpret *Broadway* as applying exclusively in those circumstances. Nothing in the reasoning or holding of *Broadway* suggests that that case should be so limited. We thus conclude that *Broadway* also applies to situations such as the present one, in which the record indicates that the defendant agreed to waive both his right to a jury trial and his right of appeal in exchange for some benefit from the State—in this case, the State's abandonment of an enhancement—pursuant to a plea agreement.

Further, we disagree with appellant's suggestion that, because this was not a plea-bargain case, his signature on the waiver of appeal in the plea papers that referred to a "plea bargain agreement" should be disregarded. Although it is true that the type of plea agreement in this case, in which there was no agreement as to punishment, is different from a plea-bargain case, as that term is used in Rule 25.2 of the rules of appellate procedure, that fact does not render invalid appellant's agreement to waive his appellate rights "should the court accept the foregoing plea bargain agreement between [him] and the prosecutor." *See* TEX. R. APP. PROC. 25.2(a)(2). Rule 25.2, which restricts an appellant's right of appeal in a plea-bargain case, defines a "plea bargain case" as "a case in which a defendant's plea was guilty

or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant . . . ." *Id*. Based on that definition, appellant is correct that this was not a plea-bargain case because there was no agreed punishment recommendation. Appellant thus did not lose his right of appeal under Rule 25.2. *See id*. But the language in the "Waiver of Constitutional Rights" document that appears in the record was not limited only to a plea-bargain case arising under Rule 25.2; rather, the language there refers to a "plea bargain agreement" between the parties. And, as described above, the totality of the record reveals that, pursuant to that bargain, appellant agreed to plead guilty without an agreed recommendation and waive his right of appeal in exchange for the substantial benefit of the State abandoning one of the two enhancements. We decline to hold that the waiver should not be upheld simply because this was not a plea-bargain case under Rule 25.2. Neither the trial court nor the court of appeals considered this to be a plea-bargain case subject to the restrictions in Rule 25.2; rather, their determinations were based on appellant's waiver of the right of appeal as part of a more global plea agreement based on consideration other than an agreed punishment recommendation. *See id*. We agree with this assessment. We, therefore, hold that the court of appeals properly determined that, in light of the plea agreement by which the State agreed to abandon an enhancement paragraph in exchange for appellant's plea of guilty and his waiver of his right of appeal, the trial court's certification of the right of appeal accurately reflected that appellant voluntarily, knowingly, and intelligently waived his right of appeal.

### III. Conclusion

Because the certification of the right to appeal in this record was not defective, the court of appeals properly dismissed appellant's appeal for want of jurisdiction based on appellant's valid waiver of the right of appeal pursuant to his plea agreement with the State. We affirm the judgment of the court of appeals.

Delivered: April 6, 2016

Publish