

# Fourth Court of Appeals
## San Antonio, Texas

June 29, 2016

No. 04-16-00366-CR

Christopher Tudor **CISNEROS,**
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 7, Bexar County, Texas
Trial Court No. 516540
Honorable Genie Wright, Judge Presiding

## O R D E R

Sitting:      Sandee Bryan Marion, Chief Justice
                Luz Elena D. Chapa, Justice
                Jason Pulliam, Justice

Chris Cisneros filed a notice of appeal from the trial court's judgment convicting him of assault causing bodily injury with an affirmative finding of family violence. The record has been filed and includes a Trial Court's Certification of Defendant's Right of Appeal. The certification signed by the trial judge states "this criminal case . . . is one in which the defendant has waived the right of appeal."

Under rule 25.2(d) of the Texas Rules of Appellate Procedure, we must dismiss the appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." However, we have an obligation to "compare the certification with the record to ascertain whether a certification is defective and act accordingly." *Marsh v. State,* 444 S.W.3d 654, 659 (Tex. Crim. App. 2014). A certification is "defective" if it is "correct in form but …, when compared with the record before the court, proves to be inaccurate." *Dears v. State,* 154 S.W.3d 610, 614 (Tex. Crim. App. 2005). Our review of the record in this appeal leads us to conclude the trial court's certification is inaccurate, and therefore defective. *See id.*; TEX. R. APP. P. 37.1.

"In determining whether a defendant has validly waived his right of appeal pursuant to a plea agreement, we look to the written agreement, as well as to the formal record, to determine the terms of the agreement." *Jones v. State*, No. PD-0587-15, 2016 WL 1359196, at *3 (Tex. Crim. App. April 6, 2016). A waiver of the right of appeal is valid if it was made voluntarily, knowingly, and intelligently. *Id.* The clerk's record does not contain a written plea agreement or an express written waiver of Cisneros's right of appeal.[1] However, the judgment recites that Cisneros agreed to the terms of a plea and that the trial court informed Cisneros that it would follow any plea bargaining agreement. The judgment recites the court accepted Cisneros's plea of nolo contendere and found him guilty. The judgment includes an affirmative finding of family violence, and states that the sentence, in accordance with the plea agreement, is a fine of $1,000.00, court costs of $242.00, and one year in jail. The judgment then states that imposition of the sentence of confinement is suspended and Cisneros is placed on adult probation for the period of one year. The part of the sentence consisting of the fine and court costs was not suspended and was ordered executed. Finally, the judgment recites that the court "thereupon fully advised the defendant of his appellate rights."

The reporter's record of the plea hearing is not consistent with the recitations in the judgment. At the beginning of the hearing, the trial court asked Cisneros if he had signed documents entitled "Defendant's Waiver of Constitutional Rights and Court's Admonitions" and "Trial Court's Certification of Defendant's Right of Appeal."[2] Cisneros responded in the affirmative, and the trial court asked, "Do you understand that if I follow your plea bargain agreement you have no right to appeal this case?" Cisneros answered, "Yes." The trial court was told that a plea bargain had been reached, and the court accepted Cisneros's plea of no contest.

The State then advised the court of the terms of the plea agreement: a $1,000 fine plus court costs, ninety days in the Bexar County jail with credit for time served, the time and money to run concurrent, and an affirmative finding of family violence. After a conversation about the circumstances of the offense, some of which was conducted off the record, the trial judge told the State, "I want [the plea bargain] restructured in a way that he goes to SATF. … Please let's redo this plea."[3] After brief further discussion between the judge and the prosecutor, the State made a new plea offer: a $1,000 fine, the fine probated, plus court costs, one year in the Bexar County jail, probated for one year, family violence counseling, referral to SATF, TAIP evaluation, and an affirmative finding of family violence.

After the State made its new plea offer, Cisneros's appointed counsel advised the court that the plea Cisneros had agreed to was for "time to do" and that Cisneros was not "wanting to settle this case with probation." The trial court responded, "Well, did I even ask — do I even care?" Cisneros then attempted to explain to the trial court why he did not want to go to SATF as part of a plea agreement in this misdemeanor case. The trial court responded, "Well, you are. You can appeal it if you want to, but you are." The trial court then pronounced the sentence in accordance with the State's revised plea offer.

---

[1] After receiving the trial court's certification of defendant's right of appeal, we ordered the trial court clerk to include in the clerk's record any written plea bargain and any written waiver of appeal.

[2] Neither of these documents contains an express waiver by Cisneros of his right to appeal. The Trial Court's Certification contains a check mark in the box next to the statement that "defendant has waived the right of appeal," and contains Cisneros's signature acknowledging receipt of the document. It appears from the record that Cisneros signed this document before the plea hearing.

[3] "SATF" refers to a substance abuse treatment facility administered by the Bexar County Community Supervision & Corrections Department.

The record does not contain an express waiver of the right to appeal. At the beginning of the plea hearing, Cisneros agreed with the trial court's statement that if the court followed the plea bargain, Cisneros would not have a right to appeal. However, the trial court did not follow the plea bargain, and the record reflects that Cisneros did not agree to the State's revised plea offer. Moreover, the trial court expressly told Cisneros at the conclusion of the hearing that he could appeal.

We conclude that the trial court's certification that Cisneros waived the right of appeal is inaccurate when compared to the record before us. We therefore **abate** this appeal; we **order** the trial court to review the record and to submit, **by July 13, 2016**, a certification of the defendant's right of appeal that comports with the record. If additional documents from the trial court's record are necessary to show the accuracy of the certification, the trial court should direct the trial court clerk to include them in a supplemental record.

_____
Luz Elena D. Chapa, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 29th day of June, 2016.

_____
Keith E. Hottle
Clerk of the Court