

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-16-00333-CR
### NO. 02-16-00334-CR

KERMIT ANTWOINE WOODS                                    APPELLANT

V.

THE STATE OF TEXAS                                              STATE

----------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NOS. 1430792D, 1429207D

----------

## MEMORANDUM OPINION[1]

----------

Kermit Antwoine Woods attempts to appeal from his convictions and ten-year concurrent sentences for felony driving while intoxicated and possession of a controlled substance. *See* Tex. Health & Safety Code Ann. § 481.115(c) (West 2010); Tex. Penal Code Ann. §§ 49.04(a), 49.09(b) (West Supp. 2016). Appellant entered a guilty plea in exchange for the State's agreement

---

[1]*See* Tex. R. App. P. 47.4.

to (1) waive the habitual offender paragraphs in both indictments and (2) recommend a punishment of ten years' confinement if appellant appeared on the date set for sentencing having committed no new offenses.

After appellant filed his notices of appeal, we notified him that the trial court's certifications of his right to appeal state that these are plea bargain cases and that he has no right of appeal. *See* Tex. R. App. P. 25.2(a)(2), 44.3. Appellant's counsel filed a timely response to our jurisdictional inquiry, arguing that appellant had not agreed to the ten-year sentences but had only agreed that the State could recommend ten years at sentencing. However, the court of criminal appeals has held that a similar agreement fit within the definition of a "plea bargain" for purposes of rule 25.2(d), and we are bound by its holding. *See State v. Moore*, 240 S.W.3d 248, 253 (Tex. Crim. App. 2007); *cf. Jones v. State*, 488 S.W.3d 801, 808 (Tex. Crim. App. 2016) (noting that even if agreement between State and defendant does not fit definition of "plea bargain" in rule 25.2(a)(2), such an agreement can operate to validly waive the defendant's right of appeal in certain circumstances).

Because appellant's response does not show grounds for continuing the appeals, we dismiss them both.  *See* Tex. R. App. P. 25.2(d), 43.2(f).

/s/ Terrie Livingston

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; WALKER and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  October 27, 2016