

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-19-00110-CR

———————————————

MANUAL V. PERALES, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 297th District Court
Tarrant County, Texas
Trial Court No. 1527559D

Before Birdwell, Bassel, and Womack, JJ.
Per Curiam Memorandum Opinion

## MEMORANDUM OPINION

Appellant Manual V. Perales was charged with burglary of a habitation, a second-degree felony. *See* Tex. Penal Code Ann. § 30.02(c)(2). The indictment contained an enhancement paragraph alleging that appellant had previously been convicted of two felonies. *See id.* § 12.42(d). The State waived one of the enhancement allegations. This waiver lowered the minimum punishment from 25 years' confinement to 5 years' confinement, but the maximum punishment remained confinement for 99 years or life. *See id.* §§ 12.32(a), 12.42(b), (d). Appellant signed written plea admonishments, in which the plea recommendation was listed as "open plea – plea to 1st prior case" and in which appellant agreed to waive his right of appeal. Accordingly, appellant pleaded guilty to the burglary charge—without an agreed recommendation on punishment—and also pleaded true to the only remaining enhancement allegation. The trial court found appellant guilty, found the enhancement allegation true, and sentenced appellant to 20 years' confinement.

The trial court's original certification of appellant's right of appeal stated that this is not a plea-bargain case and that appellant has the right of appeal. But because it appeared that appellant may have pleaded guilty in exchange for the State's agreement to waive the second enhancement allegation in the indictment, we sent a letter indicating that it appeared to this court that this is a plea-bargain case. We asked the parties to provide this court with an amended certification or an explanation of why an amended certification could not be made part of the appellate record. In response,

the trial court signed an amended certification indicating that this is a plea-bargain case, and appellant does not have the right of appeal. Appellant and his trial counsel both signed the amended certification. After we received the amended certification, we sent appellant and his appointed appellate counsel a second letter warning that unless we received a response showing grounds for continuing the appeal, we would dismiss it. We have not received a response.

In *Jones v. State*, the court of criminal appeals held that an appellant's agreement to plead guilty to the charged offense, to plead true to one of two enhancement allegations, and to waive the right of appeal—in exchange for the State's waiver of the second enhancement allegation but without an agreed recommendation on punishment—although resulting from a "plea agreement," was not a "plea bargain case" as contemplated by rule 25.2(a)(2). 488 S.W.3d 801, 808 (Tex. Crim. App. 2016); *see also* Tex. Code Crim. Proc. Ann. art. 44.02; Tex. R. App. P. 25.2(a)(2). But the court also held that Jones had validly waived his right of appeal as part of his agreement with the State. *Jones*, 488 S.W.3d at 808.

In this case, the amended certification, together with the lack of response to our inquiries, supports the conclusion that appellant made his plea and agreed to waive his right of appeal in exchange for the State's waiver of the second enhancement allegation. Therefore, in accordance with the court of criminal appeals's holding in *Jones*, we dismiss this appeal. *Id.*; *Dears v. State*, 154 S.W.3d 610, 614–15 (Tex. Crim. App. 2005).

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  August 22, 2019