COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:        Ether Laver Thomas v. The State of Texas

Appellate case number:     01-18-00504-CR

Trial court case number:    15–DCR–070852

Trial court:              400th District Court of Fort Bend County

Appellant pleaded guilty, without an agreed recommendation as to punishment, to felony theft and money laundering. The trial court found appellant guilty as charged and sentenced her to 28 years' imprisonment. The trial court's certification of appellant's right to appeal states that her case was a plea bargain with no right to appeal and that she waived the right to appeal. Appellant timely filed a notice of appeal to challenge her convictions on the basis that her guilty pleas were neither knowing nor voluntary.

The Rules of Appellate Procedure require this Court to dismiss an appeal unless a certification showing that the appellant has the right to appeal has been made part of the record. *See* TEX. R. APP. P. 25.2(a)(2). But they also provide that an amended certification of the defendant's right to appeal may be filed in the appellate court to correct a defect or omission. *See* TEX. R. APP. P. 25.2(f), 34.5(c), 37.1. A defective certification includes one that is "correct in form but which, when compared with the record before the court, proves to be inaccurate." *Jones v. State*, 488 S.W.3d 801, 804 (Tex. Crim. App. 2016) (quoting *Dears v. State*, 154 S.W.3d 610, 614 (Tex. Crim. App. 2005)). A certification that is contrary to the record before the appellate court is therefore defective. *Jones*, 488 S.W.3d at 804–05. If the trial court's certification is defective, the appellate court must use Rules 37.1 and 34.5(c) to obtain a correct certification. *Dears*, 154 S.W.3d at 614–15; *see* TEX. R. APP. P. 34.5(c), 37.1.

A review of the record reveals that the trial court's certification of appellant's right to appeal was defective. Because her sentencing was not agreed upon, appellant could not effectively waive her right to appeal unless the State gave her consideration for that waiver. *See Carson v. State*, 559 S.W.3d 489, 494–96 (Tex. Crim. App. 2018) (holding that record must show that State gave its consent to defendant's waiver of his right to jury trial "in exchange for the defendant's waiver of his appeal," and that defendant's waiver "was made

in exchange for consideration given by the State and, thus, was voluntary, knowing and intelligent"). There is no indication in appellant's plea paperwork, elsewhere in the Clerk's Record, or anywhere in the Reporter's Record that her waiver of her right to appeal was bargained for in exchange for the State's consent to her waiver of a jury trial. *See* TEX. CODE CRIM. PROC. ANN. art. 1.13 (defendant may not unilaterally waive right to jury trial; trial court and State must consent). On the contrary, the record reflects that the State's waiver of a jury trial was given in consideration not for appellant's waiver of appeal, or as part of an agreement that included that waiver, but exclusively for her agreement to plead guilty to the two felony offenses. *Cf. Carter v. State*, No. 01-18-00116-CR, 2019 WL 2621734, at *2 (Tex. App.—Houston [1st Dist.] June 27, 2019, no pet.) (holding that State's consent to waiver of jury trial was induced by defendant's waiver of his right of appeal where defendant's plea paperwork stated, "State waives right to jury trial in exchange for Defendant waiving right to appeal").

For instance, in the Written Stipulation and Judicial Confession, which was part of appellant's Plea of Guilty or Nolo Contendere, appellant initialed the statement that "the attorney for the State will recommend to the Court that my punishment be assessed at the following," next to which was handwritten in a blank space, "State will waive its right to a jury trial. This is an 'open' plea without a recommendation," followed by the preprinted statement, "I agree and accept that recommendation and have entered into a plea-bargain agreement for such recommendation." And on the last page of the Plea of Guilty or Nolo Contendere, the ADA's signature appears under the statement, "Before the entry of the Defendant's plea, I hereby consent to and approve the waiver of trial by jury and the stipulations contained in this document," which "document"—Plea of Guilty or Nolo Contendere—contains no reference to appellant's waiver of appeal. In addition, the trial court's judgment states, "it appearing to the Court that the Defendant, her counsel, and the State's attorney have agreed in writing in open court to waive a jury in the trial of this cause and to submit this cause to the Court," and finds "there was no plea-bargaining agreement between the State and the Defendant," but makes no mention of appellant's waiver of appeal. In sum, the pertinent documents do not reflect that appellant's waiver of appeal induced, even in part, the State's waiver of a jury trial.

Because the certification appears defective, we abate the appeal and remand the cause to the trial court for further proceedings. The trial court shall conduct a hearing at which a representative of the Fort Bend District Attorney's Office and appellant's counsel shall be present. Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing.

We direct the trial court to:

1) Make findings regarding whether the State's consent to appellant's waiver of her right to a jury trial was given as consideration for appellant's waiver of her right to appeal;
2) If necessary, execute an amended certification of appellant's right to appeal indicating whether appellant has the right to appeal; and
3) Make any other findings and recommendations the trial court deems appropriate. *See* TEX. R. APP. P. 25.2(a)(2), (d), (f); 34.5(a)(12), (c)(2); 37.1.

The trial court's court coordinator shall set the hearing date no later than 20 days from the date of this order and notify the parties and the Clerk of this Court of such date. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's amended certification, findings, and orders with this Court within 10 days of the date of the hearing. The court reporter is directed to file the reporter's record of the hearing within 10 days of the date of the hearing.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and the reporter's record of the hearing are filed in this Court.

It is so ORDERED.


Judge's signature: /s/ Evelyn V. Keyes_____
                        Acting individually

Date: __October 3, 2019__