**Dismissed and Memorandum Opinion filed December 17, 2019.**



In The

# Fourteenth Court of Appeals

## NO. 14-19-00826-CR

### DANIEL VICTOR SALDANA, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 228th District Court
Harris County, Texas
Trial Court Cause No. 1541510**

## MEMORANDUM  OPINION

Daniel Victor Saldana appeals his conviction of injury to a child. For the reasons stated below, we dismiss the appeal.

Appellant was indicted for two counts of causing bodily injury to a child younger than fifteen years of age. Appellant entered a negotiated plea of guilty pursuant to a plea-bargain agreement. In exchange for appellant's waiver of his right to appeal, the State consented to appellant's waiver of his right to jury trial. *See* Tex. Code Crim. Proc. art. 1.13(a) ("The defendant in a criminal prosecution

for any offense other than a capital felony case in which the state notifies the court and the defendant that it will seek the death penalty shall have the right, upon entering a plea, to waive the right of trial by jury, conditioned, however, that, except as provided by Article 27.19, the waiver must be made in person by the defendant in writing in open court *with the consent and approval of the court, and the attorney representing the state*.") (emphasis added). Appellant was sentenced by the trial court to imprisonment for a term of eight years.

Rule 25.2(d) of the Texas Rules of Appellate Procedure requires the trial court to certify the criminal defendant's right of appeal under Rule 25.2(a)(2). Tex. R. App. P. 25.2(a)(2) and (d). The trial court entered a written certification as required by Rules 25.2(a)(2) and 25.2(d). The certification, signed by appellant, reflects that the appeal "is a plea-bargain case, and the defendant has NO right of appeal." Further, the court certified that "the defendant has waived the right of appeal."

In a plea-bargain case, a defendant may appeal only those matters raised by written motion and ruled on before trial, or after getting the court's permission to appeal. Tex. R. App. P. 25.2(a)(2). The record reflects this was a plea-bargain case. Further, the record shows appellant waived his right to appeal as part of his plea-bargain agreement. The waiver, given to secure the benefits of the plea-bargain agreement and supported by consideration from the State, is enforceable against appellant. *See Jones v. State*, 488 S.W.3d 801, 807–08 (Tex. Crim. App. 2016); *Ex parte Broadway*, 301 S.W.3d 694, 699 (Tex. Crim. App. 2009).

For appellant to proceed with an appeal, the record must contain the trial court's certification showing he has a right to appeal. See Tex. R. App. P. 25.2(d). In this case, the trial court's certification shows, correctly, that appellant has no right to appeal. Because the record supports the trial court's certification and

further shows appellant waived the right to appeal, we are required to dismiss the appeal without further action. *See* Tex. R. App. P. 25.2(d); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

We dismiss the appeal for want of jurisdiction.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Christopher and Bourliot.

Do Not Publish — Tex. R. App. P. 47.2(b).