**Abatement Order filed December 17, 2019**



In The

# Fourteenth Court of Appeals

———————

## NO. 14-19-00760-CR

———————

**ROGELIO ALBERTO GUARADO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 174th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1524175**

---

### ABATEMENT ORDER

Appellant Rogelio Alberto Guarardo appeals his conviction for aggravated assault. The clerk's record contains conflicting information about appellant's right to appeal. The record reflects appellant entered a negotiated plea of guilty under a plea-bargain agreement. In exchange for appellant's waiver of his right to appeal, the State consented to appellant's waiver of his right to jury trial. *See* Tex. Code Crim. Proc. art. 1.13(a) ("The defendant in a criminal prosecution for any offense other than a capital felony case in which the state notifies the court and the

defendant that it will seek the death penalty shall have the right, upon entering a plea, to waive the right of trial by jury, conditioned, however, that, except as provided by Article 27.19, the waiver must be made in person by the defendant in writing in open court with the consent and approval of the court, and the attorney representing the state.") (emphasis added). Such a waiver is enforceable against a defendant. *See Jones v. State*, 488 S.W.3d 801, 807–08 (Tex. Crim. App. 2016); *Ex parte Broadway*, 301 S.W.3d 694, 699 (Tex. Crim. App. 2009). The trial court entered a written certification as required by Texas Rules of Appellate Procedure 25.2(a)(2) and 25.2(d). Tex. R. App. P. 25.2. The certification, signed by appellant, reflects that "the defendant has waived the right of appeal." We are therefore required to dismiss this appeal unless we conclude the trial court's certification is defective. *See Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005).

Although the record does not reflect the certification is defective, four months after the certification, the trial court entered another certification that this "is not a plea-bargain case, and the defendant has the right of appeal." Thus, the record presents conflicting information about appellant's right to appeal.

We abate this appeal and remand the cause to the trial court for entry of an amended certification clarifying appellant's right of appeal. *See* Tex. R. App. P. 25.2(f). The Harris County District Clerk shall file a supplemental clerk's record containing the trial court's amended certification with this court within thirty days of the date of this order. *See* Tex. R. App. P. 25.2(d), 34.5(c)(2), 37.1.


PER CURIAM


Panel consists of Chief Justice Frost and Justices Christopher and Bourliot.