**Motion Granted, Appeal Dismissed, and Memorandum Opinion filed October 29, 2020.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-20-00560-CR

---

### ROXANNE  ANAYA  PEYRANI, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 177th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1634413**

---

## MEMORANDUM  OPINION

Appellant was indicted for possession with intent to deliver at least 400 grams of a controlled substance (methamphetamine). The indictment contained an enhancement paragraph. Appellant entered into a charge bargain with the State. The State agreed to reduce the charged offense to possession with intent to deliver 200 to 400 grams of a controlled substance, abandon the enhancement paragraph, and waive its right to a jury trial. The charge reduction and abandonment of the enhancement paragraph had the effect of reducing the minimum statutory sentence

from 15 years' to 10 years' imprisonment. *Compare* Tex. Health & Safety Code § 481.112(f) *with id.* § 481.112(e). In exchange for that benefit, appellant agreed to plead guilty to the reduced charge, waive her right to a jury trial, and waive her right of appeal. The possibility of a lower sentence constitutes consideration for appellant's waiver of her right to appeal. *See Jones v. State*, 488 S.W.3d 801, 807 (Tex. Crim. App. 2016). Appellant filed a pro se notice of appeal. She was appointed appellate counsel one week later.

Because this is a charge-bargain case, appellant has the right to appeal under Texas Rule of Appellate Procedure 25.2(a)(2) only: (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after receiving the trial court's permission to appeal. *Kennedy v. State*, 297 S.W.3d 338, 340–41 (Tex. Crim. App. 2009); *see also Shankle v. State*, 119 S.W.3d 808, 812–13 (Tex. Crim. App. 2003) (holding that charge-bargain case is governed by Rule 25.2(a)(2)).

The amended certification of defendant's right of appeal states this case "is a plea-bargain case, and the defendant has NO right of appeal." That certification is supported by the record. The record does not reflect the trial court's permission to appeal or any pretrial motions that could be appealed.

On October 15, 2020, we notified the parties that we would dismiss this appeal for lack of jurisdiction unless appellant demonstrated, within 21 days, that the court has jurisdiction. On October 16, 2020, appellant's appointed counsel filed a motion to dismiss, agreeing appellant had no right to appeal.

We grant appellant's motion and dismiss the appeal for lack of jurisdiction.

PER CURIAM

Panel consists of Justices Christopher, Jewell, and Zimmerer.

Do Not Publish — Tex. R. App. P. 47.2(b).

2