**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



ORDER OF ABATEMENT

Appellate case name:    Mahamet Keita v. The State of Texas

Appellate case numbers:    01-20-00176-CR, 01-20-00177-CR

Trial court case number:    1595699, 1595698

Trial court:    248th District Court of Harris County

Appellant Mahamet Keita pleaded guilty, without an agreed recommendation as to punishment, to two charges of tampering with a governmental record in separate proceedings. The trial court sentenced appellant to three years' imprisonment in each case with the sentences to run concurrently. In the certifications of appellant's right of appeal, the trial court certified that these cases are plea bargain cases and that appellant has no right of appeal. The certifications also include an "X" next to a statement that "the defendant has waived the right of appeal." Appellant timely filed a notice of appeal in each case. On appeal, he challenges his convictions on the basis that the trial court erred by not holding a hearing on his motions for new trial in which he argued that his trial counsel provided ineffective assistance.

The Rules of Appellate Procedure require this Court to dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record under these rules." *See* TEX. R. APP. P. 25.2(d). An amended certification may be filed after the appealing party's brief is filed to correct "a defect or omission" in an earlier filed certification "only on leave of the appellate court and on such terms as the court may prescribe." *See* TEX. R. APP. P. 25.2(f). A defective certification includes one that is "correct in form but which, when compared with the record before the court, proves to be inaccurate." *Jones v. State*, 488 S.W.3d 801, 804 (Tex. Crim. App. 2016) (quoting *Dears v. State*, 154 S.W.3d 610, 614 (Tex. Crim. App. 2005)). A certification that is contrary to the record before the appellate court is therefore defective. *Id.* at 804–05. If the trial court's certification is defective, the appellate court must obtain a correct certification using Rules 34.5(c) and 37.1, whenever appropriate. *Dears*, 154 S.W.3d at 614–15; *see* TEX. R. APP. P. 34.5(c), 37.1. When a certification appears defective, this Court has abated the appeal and remanded to the trial court with instructions to (1) hold a hearing with the parties and

their counsel; (2) issue findings of fact and conclusions of law regarding whether the State gave consideration for the appellant's waiver of the right of appeal; and, (3) if necessary, cure any defects by executing an amended certification. *See Thomas v. State*, 615 S.W.3d 552, 558–62 (Tex. App.—Houston [1st Dist.] 2020, no pet.).

A review of the record in each appeal reveals that the trial court's certifications of appellant's right to appeal are defective. Rule 25.2 defines a "plea bargain case" as "a case in which a defendant's plea was guilty or nolo contendere *and* the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant[.]" *See* TEX. R. APP. P. 25.2(a)(2) (emphasis added). Although appellant pleaded guilty, there was no agreed punishment recommendation in either case. Thus, the trial court's certifications are defective because they incorrectly state that appellant has no right of appeal because these are plea bargain cases.

The trial court's certifications also include an "X" next to the statement, "the defendant has waived the right of appeal." The "X" presumably indicates that the trial court did not find that appellant had waived his right to appeal. Our review of the record in each case reveals that appellant signed a statement acknowledging that he "waive[d] any right of appeal." But because sentencing was not agreed upon, appellant could not effectively waive his right to appeal unless the State gave him consideration for that waiver. *See Carson v. State*, 559 S.W.3d 489, 494–96 (Tex. Crim. App. 2018) (holding that record must show State gave its consent to defendant's waiver of right to jury trial "in exchange for the defendant's waiver of his appeal," and that defendant's waiver "was made in exchange for consideration given by the State and, thus, was voluntary, knowing and intelligent").

Our review of appellant's plea paperwork in each case indicates that the only consideration given by the State for appellant's guilty plea was its "consent to and approv[al of]" appellant's "waiver of trial by jury and stipulation of evidence." *See* TEX. CODE CRIM. PROC. art. 1.13(a) (stating that defendant may not unilaterally waive right to jury trial, but trial court and State must consent); *cf. Carter v. State*, No. 01-18-00116-CR, 2019 WL 2621734, at *2 (Tex. App.—Houston [1st Dist.] June 27, 2019, no pet.) (mem. op., not designated for publication) (holding that State's consent to waiver of jury trial was induced by defendant's waiver of his right of appeal where defendant's plea paperwork stated, "State waives right to jury trial in exchange for Defendant waiving right to appeal"). The plea agreements do not show any further consideration by the State. Elsewhere in the record in each case, the presentence investigation report and the State's First Amended Punishment Memorandum both refer to two other charges against appellant that were dismissed. The State's memorandum states that two additional cause numbers "were dismissed pursuant to the plea." But the record does not include any further information or documentation about these charges, and there is no indication in the record that the State dismissed those charges as consideration or otherwise bargained for appellant's waiver of his right of appeal in either case.

Because the certification in both cases appears defective, the Court abates the appeals and remands the causes to the trial court for further proceedings. *See Thomas*, 615 S.W.3d at 558–62. The trial court shall conduct a hearing at which a representative of the Harris County District Attorney's Office and appellant's counsel shall be present. Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing. At its discretion or as otherwise required by law, the trial court may hold the proceedings via video or web conferencing or allow any party or its counsel to appear by video or web conferencing.

The Court directs the trial court to:

(1)     Make findings regarding whether the State provided consideration for appellant's waiver of his right to appeal in each case;

(2)     Execute an amended certification of appellant's right to appeal in each case indicating whether appellant has the right to appeal; and

(3)     Make any other findings and recommendations that the trial court deems appropriate. *See* TEX. R. APP. P. 25.2(a)(2), (d), (f), 34.5(a)(12), (c)(2).

The trial court's court coordinator shall set the hearing date no later than 20 days from the date of this order and notify the parties and the Clerk of this Court of the hearing date. The trial court clerk is directed to file a supplemental clerk's record in each case containing the trial court's amended certification, findings, and orders with this Court within 10 days of the date of the hearing. The court reporter is directed to file the reporter's record of the hearing within 10 days of the date of the hearing.

The Court requests the parties to file supplemental briefs in this Court addressing only the issue of this Court's appellate jurisdiction over these appeals. *See* TEX. R. APP. P. 38.7. Supplemental briefs, if any, shall be filed within 7 days after the date the supplemental clerk's records and the reporter's record are filed, whichever is later.

The appeals are abated, treated as closed cases, and removed from this Court's active docket. The appeals will be reinstated on this Court's active docket when the supplemental clerk's records and the reporter's record of the hearing are filed in this Court.

It is so ORDERED.


Judge's signature:   /s/  April L. Farris
                    ☑ Acting individually    ☐ Acting for the Court

Date: June 3, 2021

3