

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-21-00083-CR

_____

DAVID MICHAEL BROWN, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 43rd District Court
Parker County, Texas
Trial Court No. CR20-0471

---

Before Birdwell, Bassel, Womack, JJ.
Memorandum Opinion by Justice Birdwell

**MEMORANDUM OPINION**

David Michael Brown appeals his conviction for felony driving while intoxicated, as enhanced by a prior felony conviction. Brown pleaded guilty pursuant to a plea agreement, and the trial court sentenced him in accordance with the agreement to fifteen years' confinement. As part of his agreement, Brown waived his right to appeal. The trial court's certification thus stated (1) that this is a plea-bargain case and Brown has no right to appeal, and (2) that Brown has waived his right to appeal.[1] *See* Tex. R. App. P. 25.2(a)(2), (d).

We notified Brown of the certification issue and informed him that unless he or another party filed a response by June 28, 2021, showing grounds for continuing the appeal, we would dismiss it. *See* Tex. R. App. P. 44.3.

In his response, Brown argues that he received ineffective assistance of counsel. However, this argument does not provide a valid basis for continuing the appeal. *See Cooper v. State*, 45 S.W.3d 77, 80 (Tex. Crim. App. 2001); *Williams v. State*, No. 02-19-00415-CR, 2019 WL 7407717, at *1 n.1 (Tex. App.—Fort Worth Dec. 31, 2019, no pet.) (mem. op., not designated for publication). Indeed, this case does not fit any of the recognized bases for appeal of a bargained-for sentence: the record does not reflect that Brown's sentence exceeded the State's recommendation, that he is appealing a matter raised by a written motion that was ruled on before trial, or that

---

[1]Based on our independent review of the record, we have determined that the certification contains no defects. *See Jones v. State*, 488 S.W.3d 801, 805 (Tex. Crim. App. 2016).

the trial court granted Brown permission to appeal. *See* Tex. Code Crim. Proc. Ann. art. 44.02; Tex. R. App. P. 25.2(a)(2).

Therefore, consistent with the trial court's certification, we dismiss the appeal. *See* Tex. R. App. P. 43.2(f).

/s/ Wade Birdwell

Wade Birdwell
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  July 29, 2021