

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-22-00122-CR

———————————————

BRIAN EDWARD SMITH, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 30th District Court
Wichita County, Texas
Trial Court No. DC30-CR2021-1263

---

Before Sudderth, C.J.; Kerr and Walker, JJ.
Memorandum Opinion by Justice Walker

Brian Edward Smith seeks to appeal the trial court's order placing him on deferred adjudication for the felony offense of abandoning or endangering a child. *See* Tex. Penal Code. Ann. § 22.041. Smith pleaded guilty pursuant to a plea agreement, and the trial court sentenced him in accordance with that agreement. With Smith's notice of appeal, we received (1) the defendant's waiver of rights to appeal and (2) the trial court's certification of defendant's right of appeal. Both documents are signed by Smith and indicate that he waived his right to appeal as part of his plea agreement.

In a plea bargain case, the trial court must file a certification of the defendant's right to appeal. *See* Tex. R. App. P. 25.2(a)(2), (d). An appeal must be dismissed if the certification of the right to appeal is not defective and shows that the defendant waived his right to appeal pursuant to a plea agreement. *Jones v. State*, 488 S.W.3d 801, 804–05 (Tex. Crim. App. 2016); *see* Tex. R. App. P. 25.2(d) (requiring that an appeal be dismissed "if a certification that shows the defendant has the right of appeal has not been made part of the record").

We notified Smith of the certification issue and informed him that unless he or another party filed a response by June 27, 2022, showing grounds for continuing the appeal, we could dismiss it. Smith's appointed attorney responded that he was required by the Supreme Court's holding in *Garza v. Idaho* to file Smith's notice of appeal—as a "purely ministerial task"—because Smith had made a clear request that he do so. *See* 139 S. Ct. 738, 746 (2019) (quoting *Roe v. Flores-Ortega*, 528 U.S. 470,

2

471, 120 S. Ct. 1029, 1035 (2000)). However, this argument does not provide a valid basis for continuing the appeal as there has been no indication that Smith's waiver of his right to appeal or the trial court's certification was in any way defective. *Cf. Jones*, 488 S.W.3d at 804–05 ("A certification that is contrary to the record before the appellate court is defective.").

Accordingly, we dismiss the appeal. *See* Tex. R. App. P. 25.2(d), 43.2(f); *Sparks v. State*, No. 02-21-00188-CR, 2022 WL 488920, at *1–2 (Tex. App.—Fort Worth Feb. 17, 2022, no pet.) (mem. op., not designated for publication).

/s/ Brian Walker

Brian Walker
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: July 21, 2022