

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-23-00029-CR

LAUREN MARIE HOPFENSPIRGER, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 336th District Court
Fannin County, Texas
Trial Court No. CR-20-27705

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

MEMORANDUM OPINION

Pursuant to an agreement with the State, Lauren Marie Hopfenspirger entered open pleas of guilty to (1) aggravated assault with a deadly weapon,[1] (2) family violence assault by impeding the normal breathing or circulation of the blood of the person by blocking the complainant's nose or mouth,[2] and (3) intentionally or knowingly causing serious injury to a child.[3] After a unitary hearing, the trial court found Hopfenspirger guilty of the first and second charges and sentenced her to eighteen years' and ten years' imprisonment, respectively. On the third charge, the trial court found Hopfenspirger guilty of the lesser-included offense of attempt to intentionally or knowingly causing serious injury to a child and sentenced her to eighteen years' imprisonment. All sentences ran concurrently.

In this appeal, Hopfenspirger appeals her conviction for aggravated assault with a deadly weapon.[4] In a single issue applicable to each appeal, Hopfenspirger contends that, by finding her guilty of the lesser-included offense of attempt to intentionally or knowingly cause serious injury to a child, the trial court went beyond her agreement with the State and violated her due process right to withdraw her guilty pleas to all three charges.[5] Because Hopfenspirger waived her right

---

[1]*See* TEX. PENAL CODE ANN. § 22.02(a)(2) (Supp.).

[2]*See* TEX. PENAL CODE ANN. § 22.01(b)(2)(B) (Supp.).

[3]*See* TEX. PENAL CODE ANN. § 22.04(e) (Supp.).

[4]In our cause number 06-23-00030-CR, Hopfenspirger appeals her conviction for family violence assault by impeding the normal breathing or circulation of the blood of the person by blocking the complainant's nose or mouth. In our cause number 06-23-00031-CR, she appeals her conviction for attempt to intentionally or knowingly cause serious injury to a child.

[5]Hopfenspirger entered into separate agreements as to each charge. The agreements were identical, except as to the stated charge, the degree of the offense, and the range of punishment.

to appeal any issue except punishment issues, we are without jurisdiction to hear this appeal. As a result, we dismiss this appeal.

In each of the written agreements with the State, Hopfenspirger agreed to plead guilty to the charged offense and waived, among other things, her right to appeal. As Hopfenspirger acknowledged in her brief, the agreements also provided that the State, "upon the acceptance and approval by the Court of the defendant's waivers and stipulations of fact . . . , waive[d] its right to a trial by jury." Hopfenspirger also acknowledged that, by waiving its right to a jury trial, the State left open the option of deferred adjudication and community supervision.

At the plea hearing, the trial court confirmed with Hopfenspirger that, when she signed the agreements with the State, she understood that she was waiving her right to appeal the guilt/innocence phase only. As Hopfenspirger acknowledged in her brief, the trial court confirmed that Hopfenspirger understood that she could only appeal issues related to punishment. Both the State and Hopfenspirger's trial counsel also indicated that that accurately reflected her appellate rights. In accordance with that understanding of the agreements, the trial court executed certifications of defendant's right of appeal in each case that certified that Hopfenspirger had waived the right to appeal as to guilt/innocence and confirmed that she had the right to appeal punishment issues.

"[A] defendant may knowingly and intelligently waive [her] appeal as part of a plea when consideration is given by the State, even when sentencing is not agreed upon." *Carson v. State*, 559 S.W.3d 489, 494 (Tex. Crim. App. 2018) (citing *Ex parte Broadway*, 301 S.W.3d 694, 699 (Tex. Crim. App. 2009) (orig. proceeding)); *see Jones v. State*, 488 S.W.3d 801, 808 (Tex. Crim.

3

App. 2016). Under these facts, we find that Hopfenspirger validly waived her right to appeal. Absent permission to appeal from the trial court, a valid waiver of appeal prevents a defendant from appealing any issue in the case. *Monreal v. State*, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003). In this case, the agreement between Hopfenspirger and the State presented to the trial court limited her right to appeal to punishment issues. As a result, her valid waiver of appeal prevented her from appealing any other issue. Consequently, because Hopfenspirger did not assert any issue on appeal related to punishment, we are without jurisdiction to consider this appeal.

We dismiss this appeal for want of jurisdiction.


Jeff Rambin
Justice

Date Submitted:     August 28, 2023
Date Decided:      August 29, 2023

Do Not Publish