**Opinion issued April 16, 2026**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-25-01063-CR; 01-25-01064-CR; 01-25-01065-CR; 01-25-01066-CR; 01-25-01067-CR**

———————————

**OMARION BROWN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 232nd District Court**
**Harris County, Texas**
**Trial Court Case Nos. 1830949; 1867352; 1868657; 1915655; 1919056**

---

**MEMORANDUM OPINION**

Appellant Omarion Brown pleaded guilty to the felony offense of theft from person in trial cause numbers 1830949, 1867352, and 1868657.[1] In doing so,

---

[1]    *See* TEX. PENAL CODE ANN. § 31.03.

appellant stipulated that he violated the terms and conditions of his probation, received a bargain of one-year incarceration in state jail, and as part of his agreement with the State, agreed to waive his right to appeal. Appellant also pleaded guilty to the felony offense of aggravated robbery with a deadly weapon in trial cause numbers 1915655 and 1919056.[2] Appellant stipulated to evidence of a new offense, was sentenced to confinement of twelve years, and as part of his agreement with the State, agreed to waive his right to appeal.[3] Appellant timely filed a notice of appeal.

We dismiss the appeal for lack of jurisdiction.

The trial court must sign a certification of a defendant's right of appeal each time it enters a judgment of guilt or other appealable order. TEX. R. APP. P. 25.2(a)(2). An appeal must be dismissed if a certification showing that the defendant has a right of appeal has not been made part of the record. TEX. R. APP. P. 25.2(d); *Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005).

In the five cases here, the trial court's certification included in the record on appeal, signed by appellant, reflects he has no right of appeal. *See* TEX. R. APP. P. 25.2(d). In all cases, appellant signed an Advice of Defendant's Right of Appeal, advising him that if he "waived or gave up [his] right to appeal, [he] c[ould not] appeal [his] conviction." (Emphasis omitted.) In signing that document, appellant

---

[2]     *See* TEX. PENAL CODE ANN. § 29.03.

[3]     Appellant was sentenced on all charges on November 18, 2025.

affirmed that he "read and wr[o]te English" and he had read and understood the document.

Additionally, in trial cause numbers 1830949, 1867352, and 1868657, appellant signed a Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession, stating "in exchange for the [S]tate waiving its right to a jury trial . . . I agree that I have knowingly, intentionally, and voluntarily waived any right of appeal which I may have." Appellant also signed a Stipulation of Evidence re: State's Motion to Adjudicate Guilt, where he initialed the sentence stating "As part of my agreement with the prosecutor to plead true, I AGREE TO WAIVE any right to appeal I may have concerning any issue or claim in this case, including my plea or true or admission of guilt." (Emphasis omitted.)

Further, in trial cause numbers 1915655 and 1919056, the trial court's judgment states: "APPEAL WAIVED, NO PERMISSION TO APPEAL GRANTED." Moreover, in all five cases, appellant filed a letter acknowledging that "[b]ecause the clerk's record affirmatively shows [a]ppellant's waiver of appeal is valid and . . . the trial court did not give [him] permission to appeal, it would appear that this Court has no jurisdiction over this appeal."

Although a defendant has a statutory right to appeal his conviction, a defendant may waive his right to appeal in all but capital cases. *Carson v. State*, 559 S.W.3d 489, 492–93 (Tex. Crim. App. 2018). A valid waiver of appeal—one made

3

voluntarily, knowingly, and intelligently—prevents a defendant from appealing without the trial court's consent. *See id.*; *see also Flores v. State*, Nos. 01-20-00243-CR to 01-20-00246-CR, 2020 WL 2988564, at *1 (Tex. App.—Houston [1st Dist.] June 4, 2020, pet. ref'd) (mem. op., not designated for publication). "[A] defendant may knowingly and intelligently waive his appeal as part of a plea when consideration is given by the State, even when sentencing is not agreed upon." *Carson*, 559 S.W.3d at 494; *see Jones v. State*, 488 S.W.3d 801, 804–08 (Tex. Crim. App. 2016) (explaining presentence waivers of right of appeal have been upheld when record showed defendant received consideration for waiver).

The record for all cases shows appellant waived his right of appeal, and in filings to this Court, he has admitted that he waived his right of appeal. Accordingly, we dismiss the appeal for lack of jurisdiction. *See* Tex. R. App. P. 43.2(f). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Gunn, Caughey, and Morgan.

Do not publish. TEX. R. APP. P. 47.2(b).

4