**DISMISSED and Opinion Filed February 19, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-00990-CR

### DAVID LEE RICKERSON, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 194th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F18-76037-M**

## MEMORANDUM OPINION

Before Justices Schenck, Osborne, and Reichek
Opinion by Justice Reichek

We reinstate this appeal.

David Lee Rickerson entered a guilty plea to murder and a jury assessed punishment at life imprisonment. Ten days after he filed his notice of appeal, the trial court held an informal, unrecorded hearing and changed its certification from certifying he had a right to appeal to certifying he waived his right to appeal. *See* TEX. R. APP. P. 25.2(f) (an amended trail court's certification of the defendant's right to appeal may be filed to correct a defect in an earlier filed certification). Appellant then filed a motion in this Court requesting a determination of whether we have jurisdiction over the appeal. After receiving the clerk's record, a reporter's record from an evidentiary hearing we ordered regarding appellant's plea, and a reporter's record from a pretrial hearing admitted as an exhibit during the evidentiary hearing, we conclude we do not have jurisdiction and dismiss the appeal.

The record shows appellant was indicted for capital murder with two enhancement paragraphs. Appellant entered into a plea agreement with the State. Under the terms of the agreement, appellant agreed to plead guilty to murder in an "open plea" to the jury, stipulate to the two enhancement paragraphs, and waive his right to appeal in exchange for the State's agreement to reduce the charge to the lesser offense of murder. The parties' agreement is documented in a written plea bargain signed on May 20, 2019. The agreement lists the offense as "murder," provides appellant will plead guilty and enter pleas of true to the enhancement paragraphs, and that it will be an "open plea to the jury." The box on the plea form indicating appellant will waive his right to appeal is not checked.

At a pretrial hearing held on May 20, 2019, the parties described the agreement to the trial court as follows:

[Prosecutor]: we have entered into a plea bargain negotiated position where this case was originally charged as a capital murder, in exchange for us reducing the case to a regular murder, the defendant would agree to plead guilty, his punishment be assessed by the jury. He would need to plead true and stipulate to the evidence related to the case to both enhancement paragraphs and the certified copies of his priors. And he would also waive his appeal right for consideration of this case being reduced from capital murder to murder.

[The court]: And you agree with that, [counsel]?

[Counsel]: Yes, sir.

[The court]: And, [appellant], you agree with that?

[Appellant]: Yes, sir.

[The court]: And that's what you wish to do?

[Appellant]: Yes, sir.

[The court]: Very well.

. . .

–2–

[Counsel]: And, Your Honor, we would waive reading of the indictment and [appellant] will enter a plea of guilty to the lesser included charge of murder.

[The court]: And, [appellant], let me explain to you, that you have an absolute right to—in this matter to plead not guilty.

[Appellant]: Yes, sir.

[The Court]: And by entering into your plea of guilty to the lesser included offense of murder, has anyone forced you, made you any promises or coerced you into entering into that plea?

[Appellant]: No, sir.

[The Court]: You are doing so freely and voluntarily because this is the way you wish to proceed in this matter?

[Appellant]: Yes, sir.

[The court]: And you understand the terms of the plea bargain agreement with respect to waiving your right to appeal?

[Appellant]: Yes, sir.

[The Court]: And this is what you wish to do in exchange for the State dropping this offense from capital murder to murder?

[Appellant]: Yes, sir.

…

[The Court]: Court will accept the defendant's plea of guilty to the lesser included of murder.

When a defendant waives the right to appeal in exchange for valuable consideration from the State, the waiver is enforceable provided it is made voluntarily, knowingly, and intelligently. *See Jones v. State*, 488 S.W.3d 801, 805 (Tex. Crim. App. 2016); *Ex parte Broadway*, 301 S.W.3d 694, 697 (Tex. Crim. App. 2009). In determining whether a plea bargained waiver of the right to appeal is valid, we consider the written agreement and the formal record to determine the terms of the agreement. *Jones*, 488 S.W.3d at 805. A valid waiver prevents the defendant from appealing

any issue unless the trial court consents to the appeal. *Carson v. State*, 559 S.W.3d 489, 493 (Tex. Crim. App. 2018).

In his motion to determine jurisdiction, appellant contends that (1) the waiver of his right to appeal was not "knowingly and intelligently made" because he made it pretrial when he could not know what his punishment would be or what errors might occur at trial; (2) the State's consideration was inadequate; and (3) the waiver of the right to appeal, a critical right, should not be enforced when it is not reduced to writing and not heard in open court to ensure appellant understood the rights he was waiving.

Regarding appellant's first and second contentions, a waiver of the right to appeal executed prior to sentencing may be upheld when the record shows the defendant received valuable consideration for the waiver. *Carson*, 559 S.W.3d at 495–96; *Broadway*, 301 S.W.3d at 699. The record before us shows appellant and the State reached a plea bargain in which appellant waived his right to appeal in exchange for the State's agreement to reduce the charge from capital murder to murder. This type of plea bargain is a charge-bargaining agreement. *See Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003). Charge-bargaining agreements involve a defendant pleading guilty to a lesser or related offense in exchange for the prosecutor dismissing, or refraining from bringing, other charges. *See id.*

The punishment for an adult convicted of capital murder where the State does not seek the death penalty is an automatic life sentence without parole. *See* Tex. Penal Code Ann. § 12.31(a)(2). The punishment range for a murder offense enhanced by two prior convictions is imprisonment for life or a term of years of not more than 99 years and not less than 25 years. *See* Tex. Penal Code Ann. §§ 12.32, 12.42(d). By allowing appellant to plead guilty to the lesser offense of murder enhanced by two prior convictions, the State opened the option for the jury to sentence appellant to less prison time with the possibility that he might eventually be paroled. We

–4–

conclude this possibility of a lighter sentence constitutes sufficient consideration to support appellant's waiver of the right to appeal. Because appellant received valuable consideration for his plea, his waiver of the right to appeal is enforceable against him. *See Carson*, 559 S.W.3d at 495–96; *Jones*, 488 S.W.3d at 807–08; *Broadway*, 301 S.W.3d at 699. Allowing appellant to plead to a lesser charge with a lower punishment range and the possibility of parole constituted sufficient consideration for appellant's pretrial waiver of his right to appeal. *See Jones*, 488 S.W.3d at 807. The fact that the jury chose not to bestow a lighter punishment on appellant does not change our view that the opportunity was valuable consideration given to appellant by the State.

Regarding appellant's third contention, we agree with appellant that the record does not reflect the waiver of the right to appeal was reduced to writing. The record shows the written plea agreement does not reflect appellant was waiving his right to appeal. However, in considering the entire record, we must disagree with his contention that the waiver was not discussed in open court and the record does not reflect his understanding of the valuable right he was giving up. The trial court discussed the waiver of the right to appeal with appellant during the pretrial hearing and the colloquy makes clear that appellant understood the right he was surrendering to get the chance to persuade the jury he deserved a lesser punishment. In the trial court's evidentiary hearing, both the trial prosecutor and appellant's trial counsel agreed the waiver was a part of the plea bargain and trial counsel represented to the trial court that appellant had affirmed his understanding that he had waived his right to appeal as part of the plea bargain in both the pretrial hearing and in a post-sentencing hearing. Because there is a record of appellant's affirmation at the pretrial hearing and trial counsel's statement to the trial court that appellant again reaffirmed at a post-sentencing hearing that he understood he waived his right to appeal in exchange for the State's reduction in charge, we conclude the record adequately reflects appellant waived his right to appeal.

The trial court has filed an amended certification showing appellant waived his right to appeal.  We conclude the trial court's certification accurately reflects that appellant voluntarily, knowingly and intelligently waived his right to appeal as part of a plea bargain agreement.  *See Jones*, 488 S.W.3d at 808.  Lacking jurisdiction over the appeal, we are required to dismiss the appeal without further action.  *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

We dismiss the appeal for want of jurisdiction.


/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

Do Not Publish
Tex. R. App. P. 47.2(b)
190990F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

DAVID LEE RICKERSON, Appellant

No. 05-19-00990-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F18-76037-M.
Opinion delivered by Justice Reichek,
Justices Schenck and Osborne participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal.

Judgment entered February 19, 2020