**DISMISS and Opinion Filed April 21, 2020**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-20-00171-CR**

**LONNIE LEE JONES, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 283rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F17-75079-T**

## MEMORANDUM OPINION

Before Justices Bridges, Pedersen, III, and Evans
Opinion by Justice Evans

Lonnie Lee Jones was charged with aggravated robbery with two enhancement paragraphs, making the punishment range life or not more than 99 years or less than 25 years. After the jury found him guilty, he entered into a plea agreement with the State regarding punishment. The trial court followed the plea bargain and assessed punishment at 20 years in prison. The trial court certified that this is a plea-bargain case and appellant had no right of appeal because he waived his right to appeal. Appellant then filed a notice of appeal in this Court.

Rule 25.2(a)(2) provides that in a plea-bargained case in which the trial court assesses punishment that does not exceed the punishment to which the defendant agreed, the defendant may appeal only those matters raised by written motion filed and ruled on before trial or after getting the trial court's permission to appeal. *See* TEX. R. APP. P. 25.2(a)(2). The clerk's record shows there were no pretrial orders with rulings adverse to appellant. And as the trial court's certification attests, appellant has not received the trial court's permission to appeal.

When a defendant waives the right to appeal in exchange for valuable consideration from the State, the waiver is enforceable provided it is made voluntarily, knowingly, and intelligently. *See Jones v. State*, 488 S.W.3d 801, 807–08 (Tex. Crim. App. 2016); *Ex parte Broadway*, 301 S.W.3d 694, 697–99 (Tex. Crim. App. 2009). The plea agreement in this case states the State would drop two enhancement paragraphs and recommend a twenty-year sentence in exchange for appellant's waiving his right to appeal. The agreement is signed by appellant, his trial counsel, the district attorney, and the trial court. The trial court admonished appellant who took the stand and testified he understood he was waiving his right to appeal in exchange for a twenty-year sentence.

In light of this, the Court notified the parties that it had concerns about its jurisdiction and asked for jurisdictional letter briefs. Both appellant and the State concur that appellant waived his right to appeal and we lack jurisdiction. Under these circumstances, we conclude appellant's waiver of his right to appeal is

–2–

enforceable. *See Jones*, 488 S.W.3d at 807–08; *Broadway*, 301 S.W.3d at 699; *Blanco v. State*, 18 S.W.3d 218, 220 (Tex. Crim. App. 2000).

An appeal must be dismissed if a certification showing that the defendant has the right to appeal has not been made part of the record. *See* TEX. R. APP. P. 25.2(d); *Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005). In this case, the record supports the trial court's certification stating the appeal is a plea-bargained case and appellant has no right to appeal. The record also shows appellant waived his right to appeal in exchange for valuable consideration from the State. Because appellant has no right to appeal, we must dismiss the appeal without further action. *See* TEX. R. APP. P. 25.2(d); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

We dismiss the appeal for want of jurisdiction.

/David Evans/
DAVID EVANS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
200171F.U05



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

LONNIE LEE JONES, Appellant

No. 05-20-00171-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F17-75079-T.
Opinion delivered by Justice Evans.
Justices Bridges and Pedersen, III
participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal.

Judgment entered April 21, 2020