COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:        Jonathon Lee Fleetwood v. State of Texas

Appellate case number:      01-19-01019-CR

Trial court case number:    1602844

Trial court:                182nd District Court of Harris County

The appellate record in this case indicates that the trial court's certification of appellant's right of appeal does not comport with the Texas Rules of Appellate Procedure because it may be defective. *See* TEX. R. APP. P. 25.2(d), 25.2(f), 34.5(c)(2); TEX. CODE CRIM. PROC. art. 44.02; *see also Jones v. State*, 488 S.W.3d 801, 804–05 (Tex. Crim. App. 2016) (a certification that is correct in form but inaccurate when compared to the record is defective). The trial court's certification, signed on November 21, 2019, states that this is not a plea-bargain case and the defendant has the right of appeal. *See* TEX. R. APP. P. 25.2(a). Our review of the clerk's record indicates that this certification may be defective because, on May 1, 2019, appellant pleaded guilty without an agreed punishment recommendation pending a presentencing investigation ("PSI") report and hearing, but the plea agreement also states that the State waived its right to a jury trial in exchange for appellant waiving his right to appeal.[1] This order constitutes notice to all parties of the apparent defective certification of the right of appeal. *See* TEX. R. APP. P. 37.1.

---

[1]     The copy of the plea agreement transmitted in the appellate record includes a stamped "Recorder's Memorandum," noting that "[t]his instrument was of poor quality at the time of imaging." The signatures of appellant, appellant's counsel, the State's counsel, and a deputy district clerk clearly appear on the written plea agreement. Due to the poor image quality, however, it is not clear whether the plea agreement also was signed by the trial court. A corresponding entry on the trial court's docket sheet notes that appellant appeared with his counsel on May 1, 2019 (the date of the written plea agreement), waived arraignment, entered a plea of guilty, and was admonished. The appellate record does not include a transcript of the May 1 hearing noted on the docket sheet, and the docket entry suggests a court reporter did not record the hearing.

The certification appears to be inconsistent with the judgment of conviction signed on November 21, 2019. The judgment indicates that appellant pleaded guilty without an agreed recommendation pending a PSI hearing, but it also states: "APPEAL WAIVED. NO PERMISSION TO APPEAL GRANTED." *See Ex parte Delaney*, 207 S.W.3d 794, 797 (Tex. Crim. App. 2006) ("[W]hen a defendant waives his right to appeal before sentencing and without an agreement on punishment, the waiver is not valid."); *but see Ex parte Broadway*, 301 S.W.3d 694, 697–99 (Tex. Crim. App. 2009) (holding defendant may knowingly and voluntarily waive appeal without agreement when State gives consideration by consenting to waiver of jury trial); *Lopez v. State*, 595 S.W.3d 897, 900–01 (Tex. App.—Houston [14th Dist.] 2020, pet. ref'd) (same).

The Texas Rules of Appellate Procedure require this Court to dismiss an appeal unless the record contains a written certification showing that the appellant has the right of appeal. *See* TEX. R. APP. P. 25.2(d). The rules also permit amendment of a defective certification and prohibit this Court from dismissing an appeal based on the lack of a valid certification when we determine that an appellant has a right of appeal. *See* TEX. R. APP. P. 25.2(f), 34.5(c)(2), 37.1, 44.4; *see also Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005).

Accordingly, we withdraw this appeal from submission, **abate** the appeal and remand the cause to the trial court for further proceedings. The trial court shall immediately conduct a hearing at which a representative of the Harris County District Attorney's Office and appellant's counsel, Ronald G. Ray, Sr., shall be present. Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing.[2]

We direct the trial court to:

1) make a finding clarifying the trial court's intention, or not, to grant appellant permission to appeal;

2) if necessary, execute an amended certification of appellant's right to appeal;

3) make any other findings, conclusions, and recommendations the trial court deems appropriate; and

4) enter written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations.

*See* TEX. R. APP. P. 25.2(a)(2), (d), (f), 34.5(a)(12), (c)(2), 37.1.

---

[2] Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

The trial court shall have a court reporter, or court recorder, record the hearing. The trial court clerk is directed to file a supplemental clerk's record containing the amended certification of appellant's right to appeal, if any, and any other findings, recommendations, and orders of the trial court with this Court **no later than 45 days from the date of this order**. *See* TEX. R. APP. P. 34.5(c)(2). The court reporter is directed to file the reporter's record of the hearing **within 55 days of the date of this order**.

The appeal is **abated**, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record is filed with the Clerk of this Court. The court coordinator of the trial court shall set a hearing date and notify the parties.

It is so ORDERED.


Judge's signature:    /s/ Amparo Guerra
                              Acting individually

Date: February 4, 2021