**Appeal Dismissed and Memorandum Opinion filed April 27, 2021.**



In The

# Fourteenth Court of Appeals

NO. 14-20-00832-CR
NO. 14-20-00833-CR
NO. 14-20-00834-CR

**JEFF ROBERT PFEIFER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 184th District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 1639369, 1639370 and 1639371**

## MEMORANDUM OPINION

In each of these cases, appellant entered a guilty plea to aggravated sexual assault of a child. In each case, the trial court sentenced appellant to confinement for thirty years in the Institutional Division of the Texas Department of Criminal Justice; the sentences were ordered to run cumulatively. We dismiss the appeals.

The record reflects that in two of these cases the State reduced the charge from super-aggravated sexual assault of a child under six years of age to aggravated sexual assault of a child under fourteen years of age. The record in each case reflects that in exchange for appellant's waiver of his right to appeal, the State consented to appellant's waiver of his right to jury trial. It has been held that such a waiver is valid if there was consideration. *See Jones v. State*, 488 S.W.3d 801, 807–08 (Tex. Crim. App. 2016); *Ex parte Broadway*, 301 S.W.3d 694, 699 (Tex. Crim. App. 2009). In each case, the certification of defendant's right of appeal provides that this is a plea-bargain case and the defendant has no right of appeal. The record in each case supports the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005).

On March 29, 2021, this court notified the parties that the appeals would be dismissed for lack of jurisdiction unless a party demonstrated that the court has jurisdiction. The response fails to demonstrate that this court has jurisdiction to entertain these appeals.

Accordingly, we dismiss the appeals.

PER CURIAM

Panel consists of Justices Wise, Zimmerer and Poissant.
Do Not Publish — Tex. R. App. P. 47.2(b)