**DISMISSED and Opinion December 21, 2022**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-22-00647-CR

## CARMEN ABIGAIL MORENO, Appellant
## V.
## THE STATE OF TEXAS, Appellee

### On Appeal from the 401st Judicial District Court
### Collin County, Texas
### Trial Court Cause No. 401-80364-2020

## MEMORANDUM OPINION

Before Justices Pedersen, III, Goldstein, and Smith
Opinion by Justice Smith

After being charged with capital murder, Carmen Abigail Moreno entered into a negotiated plea bargain with the State under which the parties agreed appellant would enter a guilty plea to the lesser included offense of murder, receive a life sentence, and waive her right to appeal. The trial court accepted the plea bargain and, in accordance with its terms, sentenced appellant to life in prison. The trial court prepared and signed a rule 25.2(d) certification of the right to appeal stating this "is a plea-bargain case, and [appellant] has NO right to appeal" and appellant "has waived the right of appeal." *See* TEX. R. APP. P. 25.2(d). Appellant signed the certification acknowledging she had received a copy of the certification.

After appellant appealed her conviction, the State filed a motion to dismiss the appeal. Appellant has not responded to the State's motion. Concluding we lack jurisdiction, we grant the State's motion and dismiss the appeal.

A defendant in a criminal case has the right of appeal as set out in the code of criminal procedure and the rules of appellate procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 44.02; TEX. R. APP. P. 25.2(a)(2). Rule 25.2(a)(2) provides that in a plea-bargained case in which the trial court assesses punishment that does not exceed the punishment to which the defendant agreed, the defendant may appeal only those matters raised by written motion filed and ruled on before trial, after getting the trial court's permission to appeal, or if the appeal is expressly authorized by statute. *See* TEX. R. APP. P. 25.2(a)(2).

A waiver of the right to appeal is enforceable if it is made voluntarily, knowingly, and intelligently. *See Jones v. State*, 488 S.W.3d 801, 805 (Tex. Crim. App. 2016). In assessing whether appellant agreed to waive her right to appeal, we consider the written agreement and the formal record to determine the terms of the parties' agreement. *Id*. The waiver is not valid unless appellant received consideration for it from the State. *See Carson v. State*, 559 S.W.3d 489, 495 (Tex. Crim. App. 2018).

The record shows appellant did not file any significant pretrial motions other than an omnibus pretrial motion. Although the trial court heard arguments during the pretrial hearing about suppressing evidence at trial, there is no indication the trial

court ruled on the matter before the parties reached their plea bargain. The trial court certified that appellant has no right to appeal, and nothing shows appellant received permission to appeal or that she has a statutory right to appeal.

The plea bargain agreement contains an express waiver of the right to appeal. During the plea hearing, the trial court asked appellant if she understood she was waiving her right to a jury trial and right to an appeal. She responded that she did. Because the record shows appellant is over eighteen years old, a conviction for capital murder in a case in which the State does not seek the death penalty carries a sentence of life without parole. *See* TEX. PENAL CODE ANN. §§ 12.31(a)(2), 19.03(b); TEX. GOV'T CODE ANN. § 508.145(a). By allowing appellant the opportunity to plead guilty to the lesser included offense of murder rather than capital murder, the State provided consideration to appellant in that she will be eligible for parole consideration. *See* TEX. PENAL CODE ANN. §§ 12.32(a), 19.02(c); TEX. GOV'T CODE ANN. § 508.145(d).

After considering the plea agreement and the record, we conclude that the record supports the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 614–15 (Tex. Crim. App. 2005) (requiring appellate court to consider whether certification is supported by record filed). The record shows appellant entered a negotiated plea bargain with a reduction in the charge and an agreed punishment thus limiting her right to appeal under rule 25.2. The record further shows appellant knowingly, voluntarily, and intelligently waived her right to appeal in exchange for

the State's agreement to let her plead to a lesser offense that carries the possibility of parole. *See Jones*, 488 S.W.3d at 807–08 (concluding waiver of right to appeal was valid where record showed defendant signed plea agreement waiving right to appeal in exchange for State's agreement to drop enhancement paragraph and defendant also signed certification acknowledging he had no right to appeal).

Because the record supports the trial court's certification, we must dismiss the appeal without further action. *See* TEX. R. APP. P. 25.2(d); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

We grant the State's motion and dismiss the appeal for want of jurisdiction.

/Craig Smith/
CRAIG SMITH
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
220647F.U05

—4—



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

CARMEN ABIGAIL MORENO, Appellant

No. 05-22-00647-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 401st Judicial District Court, Collin County, Texas Trial Court Cause No. 401-80364-2020.
Opinion delivered by Justice Smith. Justices Pedersen, III and Goldstein participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal for lack of jurisdiction.

Judgment entered December 21, 2022