

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-94,985-01

## EX PARTE STEVEN CHARLES EWTON, Applicant

## APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 1355716-A IN THE 351ST DISTRICT COURT FROM HARRIS COUNTY

**NEWELL, J., filed a concurring opinion in which HERVEY, RICHARDSON and WALKER, JJ., joined.**

This case requires us to decide whether Applicant's attorney's failure to file a notice of appeal deprived Applicant of an appeal, not whether that appeal would ultimately be successful. The Court concludes that Applicant's counsel rendered ineffective assistance in failing to file a notice of appeal and I join the Court's order granting Applicant an out of time appeal. Counsel's failure deprived Applicant

of a proceeding he desired, and under *Garza v. Idaho*, he is entitled to that appeal regardless of whether Applicant validly waived his right to appeal.[1] Though the focus on Applicant's waiver is ultimately a distraction from the actual issue before us, I would make a few observations in response to the State's arguments in this regard.

First, Applicant's general waiver of appeal executed prior to sentencing cannot act as a valid non-negotiated waiver because it was not knowing or intelligent. As we held in *Ex parte Delaney*, a defendant cannot knowingly or intelligently waive an appeal of the sentencing portion of a hearing revoking deferred adjudication probation prior to the actual sentencing hearing.[2] So, to the extent that the State seeks to argue that Applicant's waiver was a general, non-negotiated waiver, that argument must fail because it was executed prior to the sentencing hearing in this case.

Second, Applicant did not enter into a plea bargain that deprived him of his right to appeal.[3] In *Jones v. State*, we clarified that a negotiated waiver of an appeal as part of an open plea does not

---

[1] *Garza v. Idaho,* 139 S.Ct. 738, 747 (2019).

[2] *Ex parte Delaney*, 207 S.W.3d 794, 798-99 (Tex. Crim. App. 2006) ("simply knowing the range of punishment for the offense is not enough to make the consequences of a waiver known with certainty, because it still does not allay the concern that unanticipated errors may occur at the punishment phase of trial").

[3] *See* Tex. R. App. P. 25.2(a)(2).

amount to a plea bargain that forecloses the ability to appeal under Rule 25.2 of the Rules of Appellate Procedure.[4]  This is because in the case of an open plea, the trial court does not follow a set punishment recommendation from the State.  In this case, Applicant pleaded true to the allegations in the State's motion to adjudicate without an agreed sentence.  Applicant did not enter into a plea bargain that deprived him of his ability to appeal the sentencing at the hearing on the motion to adjudicate his deferred adjudication community supervision.

Third, I do not believe the record established that Applicant negotiated a waiver of his right to appeal in exchange for his plea of true.  The State's abandonment of the new offense allegation contained in the motion to adjudicate appears on a document dated five months before the plea itself.  Characterizing that abandonment notation as "undated" doesn't establish when it was made or that it was made in exchange for Applicant's plea.  But even assuming it was made in exchange for Applicant's plea, I question whether it

---

[4] *Jones v. State*, 488 S.W.3d 801, 808 (Tex. Crim. App. 2016) (recognizing the case was "not a plea-bargain case because there was no agreed punishment recommendation" that would deprive the defendant of his ability to appeal and holding instead that the defendant had negotiated a waiver of his appeal); *see also Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005) (holding that Rule 25.2 of the Rules of Appellate Procedure apply only to plea bargains with regard to guilty pleas, not pleas of true on revocation motions).

constitutes consideration for Applicant's plea of true given that any finding on that allegation would not have prevented the State from proceeding with a prosecution of Applicant for that new offense.[5]  It may have been part of an agreement, but the record does not establish that it was.  And regardless, prejudice is still presumed when an attorney fails to file a desired notice of appeal even when a defendant has signed a waiver of appeal.[6]

Ordinarily, I might suggest a remand for further record development on Applicant's writ, but, as mentioned above, the question in this case is not whether Applicant's waiver of appeal was valid.  The question is whether counsel failed to file Applicant's notice of appeal despite Applicant's expressed desire to appeal.  The record establishes this constitutional violation.  And had Applicant been given the appeal he desired, the court of appeals would have been

---

[5] *State v. Waters*, 560 S.W.3d 651, 663 (Tex. Crim. App. 2018) ("a subsequent criminal prosecution is not barred following a trial judge's finding of 'not true' at a revocation hearing").  Additionally, the abandonment of the allegation would not have prevented the State from introducing evidence of the new law violation to justify the maximum sentence that Applicant ultimately received.  The State's decision to abandon the allegation is not on par with the State's consent to a waiver of a jury trial that authorizes a judge to assess punishment.  *See, e.g., Ex parte* Broadway, 301 S.W.3d 694, 698 (Tex. Crim. App. 2009).  Neither is it on par with the State's abandonment of an enhancement allegation that changes the range of punishment.  *See, e.g., Jones*, 488 S.W.3d at 807.

[6] *Garza*, 139 S.Ct. at 749 ("Accordingly where, as here, an attorney performed deficiently in failing to file a notice of appeal despite the defendant's express instructions, prejudice is presumed 'with no further showing from the defendant on the merits of his underlying claims.'").

responsible for sorting out whether Applicant waived his appeal.[7] Placing Applicant back in the position he would have been had he been given the opportunity to appeal allows Applicant the proceeding he was deprived of to play out as it should have.[8]  However limited Applicant's right to appeal might have been, it still included the right to have a court of appeals determine whether he had waived that right to appeal.[9]  Applicant's victory in this regard may be a pyrrhic one, but it is one he is nonetheless entitled to.

With these thoughts I join the Court's order granting habeas corpus relief.

Filed: October 11, 2023

Publish

---

[7] *See, e.g., Dears*, 154 S.W.3d at 615 (holding a court of appeals is obligated to review the record to ascertain whether a certification that an appeal has been waived is correct).

[8] *Garza*, 139 S.Ct. at 749 (noting that presuming prejudice based upon ineffective assistance of counsel for the failure to file a requested notice of appeal "does no more than restore the status quo that existed before counsel's deficient performance forfeited the appeal, and it allows an appellate court to consider the appeal as that court otherwise would have done on—direct review, and assisted by counsel's briefing").

[9] *See Id.*