**Opinion issued June 20, 2024**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-23-00973-CR

————————————

**ROCAEL LOPEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 339th District Court**
**Harris County, Texas**
**Trial Court Case No. 1608062**

---

## MEMORANDUM OPINION

Appellant, Rocael Lopez, without an agreed punishment recommendation

from the State, pleaded guilty to the felony offense of aggravated sexual assault of a

child.[1]  The trial court found appellant guilty and assessed appellant's punishment at confinement for twenty years and a fine of $100.  Appellant timely filed a notice of appeal.

We dismiss the appeal for lack of jurisdiction.

The Texas Rules of Appellate Procedure clearly set out the right to appeal for criminal defendants.  *See Lagunas v. State*, No. 01-20-00279-CR, 2020 WL 5823291, at *1 (Tex. App.—Houston [1st Dist.] Oct. 1, 2020, no pet.) (mem. op., not designated for publication).  Texas Rule of Appellate Procedure 25.2 states that in a case where a defendant has voluntarily pleaded guilty, the defendant may only appeal those matters that were raised by written motion filed and ruled on before trial or after getting the trial court's permission.  *See* TEX. R. APP. P. 25.2(a)(2); *see also* TEX. CODE CRIM. PROC. ANN. art. 44.02.  The trial court must sign a certification of a defendant's right of appeal each time it enters a judgment of guilt or other appealable order.  TEX. R. APP. P. 25.2(a)(2).  An appeal must be dismissed if a certification showing that the defendant has a right of appeal has not been made part of the record.  TEX. R. APP. P. 25.2(d); *Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005).

Here, the trial court's certification is included in the record on appeal.  *See* TEX. R. APP. P. 25.2(d).  It states that this "[i]s a plea-bargain case[] and [appellant]

---

[1]    *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B), (a)(2)(B), (e).

2

has NO right of appeal." TEX. R. APP. P. 25.2(a)(2). Appellant signed the trial court's certification. The trial court's judgment also states: "APPEAL WAIVED, NO PERMISSION TO APPEAL GRANTED." The record supports the trial court's certification.

Although a defendant has a statutory right to appeal his conviction, a defendant may waive his right to appeal in all but capital cases. *Carson v. State*, 559 S.W.3d 489, 492–93 (Tex. Crim. App. 2018). A valid waiver of appeal—one made voluntarily, knowingly, and intelligently—prevents a defendant from appealing without the trial court's consent. *See id.*; *Ex parte Broadway*, 301 S.W.3d 694, 697–99 (Tex. Crim. App. 2009); *see also Flores v. State*, Nos. 01-20-00243-CR to 01-20-00246-CR, 2020 WL 2988564, at *1 (Tex. App.—Houston [1st Dist.] June 4, 2020, pet. ref'd) (mem. op., not designated for publication). "[A] defendant may knowingly and intelligently waive his appeal as part of a plea when consideration is given by the State, even when sentencing is not agreed upon." *Carson*, 559 S.W.3d at 494; *see Jones v. State*, 488 S.W.3d 801, 804–08 (Tex. Crim. App. 2016) (explaining presentence waivers of right of appeal have been upheld when record showed defendant received consideration for waiver); *see also* TEX. CODE CRIM. PROC. ANN. art. 1.14(a) ("The defendant in a criminal prosecution for any offense may waive any rights secured him by law . . . ."); *Flores*, 2020 WL 2988564, at *1.

Here, as part of his guilty plea, appellant signed a "Waiver of Constitutional

Rights, Agreement to Stipulate, and Judicial Confession," stating:

> I intend to enter a plea of guilty without an agreed recommendation of punishment from the [State] and request that my punishment should be set by the judge. I understand that I have not reached an agreement with the [State] as to punishment, and the [State] reserves the right to argue for any sentence within the available range of punishment at my sentencing hearing. Further, in exchange for the [S]tate waiving its right to a jury trial . . . , I agree that I have knowingly, intentionally, and voluntarily waived any right of appeal which I may have.[2]

In exchange for appellant's waiver of his right to appeal, the State agreed to waive

its right to a jury trial or, more precisely, the State consented to appellant's waiver

of his right to jury trial. *See* TEX. CODE CRIM. PROC. ANN. art. 1.13(a) ("The

defendant in a criminal prosecution for any offense other than a capital felony case

in which the [S]tate notifies the court and the defendant that it will seek the death

penalty shall have the right, upon entering a plea, to waive the right of trial by jury,

conditioned, however, that, except as provided by [Texas Code of Criminal

Procedure] [a]rticle 27.19, the waiver must be made in person by the defendant in

writing in open court *with the consent and approval of the court, and the attorney

representing the [S]tate*." (emphasis added)); *see also Harrison v. State*, No.

---

[2]  Appellant also signed a document titled, "Advice of Defendant's Right to Appeal," which advised appellant that if he "waived or gave up [his] right to appeal, [he] c[ould not] appeal [his] conviction." (Emphasis omitted.) In signing that document, appellant affirmed that he "read and wr[o]te English" and he had read and understood the document.

4

01-20-00093-CR, 2020 WL 7776082, at *2 (Tex. App.—Houston [1st Dist.] Dec. 31, 2020, no pet.) (mem. op., not designated for publication); *Flores*, 2020 WL 2988564, at *2. By agreeing to waive its right to a jury trial, the State gave consideration for appellant's waiver of his right to appeal. *See Carson*, 559 S.W.3d at 492–96; *Ex parte Broadway*, 301 S.W.3d at 695–99; *see also Lagunas*, 2020 WL 5823291, at *1 (defendant voluntarily waived his statutorily created right of appeal in exchange for State waiving its right to jury trial); *Flores*, 2020 WL 2988564, at *2.

Although appellant attempts to appeal from the trial court's judgment of conviction, the record is clear that appellant voluntarily waived his statutorily created right of appeal in exchange for the State waiving its right to a jury trial. *Lewis v. State*, No. 01-22-00303-CR, 2022 WL 17490998, at *3 (Tex. App.—Houston [1st Dist.] Oct. 25, 2022, no pet.) (mem. op., not designated for publication). If a defendant validly waives his right to appeal but nonetheless appeals, we must dismiss his appeal for lack of jurisdiction. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant . . . is permitted to appeal by [Texas Rule of Appellate Procedure] 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal."); *see, e.g.*, *Lewis*, 2022 WL 17490998, at *1–3; *Badyrka v. State*, No. 01-21-00339-CR, 2021 WL 5312651, at

*1–2 (Tex. App.—Houston [1st Dist.] Nov. 16, 2021, no pet.) (mem. op., not designated for publication).

Accordingly, we dismiss the appeal for lack of jurisdiction. *See* Tex. R. App. P. 43.2(f). We dismiss all pending motions as moot.

**PER CURIAM**

Panel consists of Justices Landau, Countiss, and Guerra.

Do not publish. Tex. R. App. P. 47.2(b).