**Opinion issued June 26, 2025**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-24-00906-CR**

**NO. 01-24-00907-CR**

———————————

**JOSEPH ANTHONY MATA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 487th District Court**
**Harris County, Texas**
**Trial Court Case Nos. 1807007 & 1807010**

---

## MEMORANDUM OPINION

Appellant, Joseph Anthony Mata, pleaded guilty without an agreed

punishment recommendation from the State to two charges of indecency with a child

by contact.[1] The trial court found appellant guilty in both cases and assessed appellant's punishment at confinement for fourteen years. Appellant timely filed a notice of appeal. We dismiss the appeal for lack of jurisdiction.

The trial court must sign a certification of a defendant's right of appeal each time it enters a judgment of guilt or other appealable order. TEX. R. APP. P. 25.2(a)(2). An appeal must be dismissed if a certification showing that the defendant has a right of appeal has not been made part of the record. TEX. R. APP. P. 25.2(d); *Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005). Here, the trial court's certification is included in the record on appeal. *See* TEX. R. APP. P. 25.2(d). It states that this "[i]s a plea-bargain case, and the defendant has NO right of appeal." TEX. R. APP. P. 25.2(a)(2). As discussed below, the record supports the trial court's certification that appellant has no right to appeal.[2]

---

[1]     *See* TEX. PENAL CODE § 21.02(c)(2).

[2]     Appellant filed a motion to abate and remand this appeal to the trial court for clarification regarding his right to appeal. Appellant asserts, among other things, that "the record does not indicate that this was a plea-bargain case as defined by Rule 25.2(a)(2)." Although we agree that this is not a plea-bargain case as defined by Rule 25.2(a)(2), the trial court's certification that appellant "has NO right to appeal" is nevertheless correct because the record demonstrates that appellant waived his right to appeal. *See Evans v. State*, No. 01-22-00838-CR, 2023 WL 5615797, at 2 (Tex. App.—Houston [1st Dist.] Aug. 31, 2023, no pet.) (per curiam) (mem. op., not designated for publication). Appellant also asserts that the State's consent to the waiver of jury trial is insufficient consideration for a valid waiver of appellant's right to appeal regarding the sentence imposes, but this is contrary to well-established caselaw discussed herein. Accordingly, the motion to abate and remand is denied.

Although a defendant has a statutory right to appeal his conviction, he may waive his right to appeal in all but capital cases. *Carson v. State*, 559 S.W.3d 489, 492–93 (Tex. Crim. App. 2018). A valid waiver of appeal—one made voluntarily, knowingly, and intelligently—prevents a defendant from appealing without the trial court's consent. *See id.*; *Ex parte Broadway*, 301 S.W.3d 694, 697–99 (Tex. Crim. App. 2009); *see also Flores v. State*, Nos. 01-20-00243-CR to 01-20-00246-CR, 2020 WL 2988564, at *1 (Tex. App.—Houston [1st Dist.] June 4, 2020, pet. ref'd) (per curiam) (mem. op., not designated for publication). "[A] defendant may knowingly and intelligently waive his appeal as part of a plea when consideration is given by the State, even when sentencing is not agreed upon." *Carson*, 559 S.W.3d at 494; *see Jones v. State*, 488 S.W.3d 801, 804–08 (Tex. Crim. App. 2016) (explaining presentence waivers of right of appeal have been upheld when record showed defendant received consideration for waiver); *see also* TEX. CODE CRIM. PROC. art. 1.14(a) ("The defendant in a criminal prosecution for any offense may waive any rights secured him by law . . . ."); *Flores*, 2020 WL 2988564, at *1.

Here, as part of his guilty plea, appellant signed a "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession," stating:

> I intend to enter a plea of guilty without an agreed recommendation of punishment from the prosecutor and request that my punishment should be set by the judge. I understand that I have not reached an agreement with the prosecutor as to punishment, and the prosecution reserves the right to argue for any sentence within the available range of punishment at my sentencing hearing. *Further, in exchange for the state waiving its*

3

*right to a jury trial which then includes within the permissible range of sentence deferred adjudication community supervision, I agree that I have knowingly, intentionally, and voluntarily waived any right of appeal which I may have.*

(emphasis added).[3] In exchange for appellant waiving his right to appeal, the State agreed to waive its right to a jury trial or, more precisely, the State consented to appellant's waiver of his right to jury trial. *See* TEX. CODE CRIM. PROC. art. 1.13(a) ("The defendant in a criminal prosecution for any offense other than a capital felony case in which the [S]tate notifies the court and the defendant that it will seek the death penalty shall have the right, upon entering a plea, to waive the right of trial by jury, conditioned, however, that, except as provided by [Texas Code of Criminal Procedure] [a]rticle 27.19, the waiver must be made in person by the defendant in writing in open court *with the consent and approval of the court, and the attorney representing the [S]tate.*" (emphasis added)); *see also Harrison v. State*, No. 01-20-00093-CR, 2020 WL 7776082, at *2 (Tex. App.—Houston [1st Dist.] Dec. 31, 2020, no pet.) (mem. op., not designated for publication); *Flores*, 2020 WL 2988564, at *2. By agreeing to waive its right to a jury trial, the State gave consideration for appellant's waiver of his right to appeal. *See Carson*, 559 S.W.3d at 492–96; *Ex parte Broadway*, 301 S.W.3d at 695–99; *see also See Lagunas v. State*,

---

[3] Appellant also signed a document titled, "Advice of Defendant's Right of Appeal," which advised appellant of the following: "If you waived or gave up your right to appeal, you cannot appeal your conviction." (emphasis omitted).

4

No. 01-20-00279-CR, 2020 WL 5823291, at *1 (Tex. App.—Houston [1st Dist.] Oct. 1, 2020, no pet.) (mem. op., not designated for publication) (per curiam) (defendant voluntarily waived his statutorily created right of appeal in exchange for State waiving its right to jury trial); *Flores*, 2020 WL 2988564, at *2.

Although appellant attempts to appeal from the trial court's judgment of conviction, the record is clear that appellant voluntarily waived his statutorily-created right of appeal in exchange for the State waiving its right to a jury trial. *See Lewis v. State*, No. 01-22-00303-CR, 2022 WL 14165900, at *3 (Tex. App.—Houston [1st Dist.] Oct. 25, 2022, no pet.) (mem. op., not designated for publication). If a defendant validly waives his right to appeal but nonetheless appeals, we must dismiss his appeal for lack of jurisdiction. *Id.; see Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant . . . is permitted to appeal by [Texas Rule of Appellate Procedure] 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

Accordingly, we dismiss the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 43.2(f). We dismiss all pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Caughey and Johnson.

Do not publish. TEX. R. APP. P. 47.2(b).