# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-25-00669-CR

**Kenneth Joseph Ouimet, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE 274TH DISTRICT COURT OF HAYS COUNTY
### NO. CR-23-1221-C, THE HONORABLE DARYL RUSSELL COFFEY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Kenneth Joseph Ouimet attempts to appeal the trial court's order placing him on deferred adjudication. But he waived his right to appeal, and we therefore dismiss the appeal for want of jurisdiction.

After the State agreed to dismiss cause number 25-1536CR-1 and recommend deferred adjudication, Ouimet agreed to enter a plea of guilty to possession of a prohibited weapon and waive his right to appeal. The trial court placed Ouimet on deferred adjudication probation for ten years; the trial court's certification provides that "the defendant has waived the right of appeal."

Ouimet thereafter filed a notice of appeal announcing his intention to challenge "the voluntariness of the plea, breach of the plea agreement, and validity of the waiver of appeal rights." He filed requests for free Clerk's and Reporter's Records. The trial court held an indigency hearing

(at which Ouimet did not appear) and found Ouimet not indigent. The trial court also specifically found that the certification, indicating Ouimet has no right to appeal, was signed by Ouimet and that Ouimet "was admonished of his rights and his waivers, and was well aware that he had waived appeal in exchange for the State keeping deferred open to the court at punishment." Ouimet then filed two motions in this court asking us to review the certification and order on indigence.

"An appellate court is obligated to review the record to determine if the certification is contrary to the record and therefore defective. *Jones v. State*, 488 S.W.3d 801, 805 (Tex. Crim. App. 2016).

The right to appeal may be waived, and such a waiver is valid if made voluntarily, knowingly, and intelligently. *Carson v. State*, 559 S.W.3d 489, 492–93 (Tex. Crim. App. 2018). A court of appeals lacks jurisdiction over and must dismiss an appeal when the defendant has validly waived his right of appeal. *See Jones*, 488 S.W.3d at 808.

A waiver of appeal prior to sentencing may be valid if it is bargained for—if the State gives some consideration for the waiver, even where a sentence is not agreed on. *Ex parte Broadway*, 301 S.W.3d 694, 695-96, 699 (Tex. Crim. App. 2009). In *Ex parte Broadway*, counsel had filed an affidavit stating Broadway "waived his right to appeal to induce the State to consent to the waiver of a jury trial." *Id*. at 695. The bargain was not a traditional plea-bargain agreement, where the guilty plea is made in exchange for a certain sentence, but rather "a bargain of a different sort." *Id*. at 697. Here too, the record contains evidence of "a bargain of a different sort."

State's Exhibit #1

CR-23-1221-C

THE STATE OF TEXAS        §        IN THE DISTRICT COURT

§

V.                        §        274TH JUDICIAL DISTRICT

§

KENNETH JOSEPH OUIMET      §        HAYS COUNTY, TEXAS

FILED
HAYS COUNTY, TEXAS
At 1:51 o'clock PM

AUG 0 1 2025

AMANDA K. CALVERT
DISTRICT CLERK
By:_____ DEPUTY

## PLEA BARGAIN AGREEMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the Defendant in the above entitled and numbered cause with his attorney of record and the attorney for the State of Texas, and would show the Court that a plea agreement has been reached between the parties; and under the terms of said agreement, the Defendant will plead GUILTY, stipulate to the facts of the offense(s) alleged in the indictment, and waive the right to a jury trial. In consideration of the Defendant's plea, the State of Texas will recommend the following:

Charges/Counts:  I      PROHIBITED WEAPON                              3RD
                        - OPEN PLEA TO THE COURT
                        - Deferred on the table, waiving rights to Appeal.

Plea to Enhancement Paragraphs:

State to Waive Enhancement Paragraphs:

State to Dismiss:   **25-1536CR-1**

Page 5 of the Court's Written Admonishments to the Defendant and Defendant's Written Waiver of Rights and Stipulation of Evidence for Plea of Guilty or Nolo Contendere contains the waiver of the right to appeal.

WAIVER OF RIGHT OF APPEAL:

I, Kenneth Joseph Ouimet, Defendant in this cause, in writing and in open Court, with counsel, state that I understand that I have a right to appeal the conviction herein, and that following a conviction, if a defendant is indigent and desires to appeal, counsel will be appointed at no cost to the defendant. Now, understanding all rights in this connection, I waive and abandon all rights of appeal in this cause, including rights of appeal as to any pre-trial matters and competency of defense counsel.

These documents carry Ouimet's initials and signature.

Rule 25.2(a)(2) does grant defendants who plead guilty as part of a plea bargain the right to appeal rulings on pretrial motions. Tex. R. App. Proc. 25.2(a)(2)(A). And here, the trial court denied a pretrial motion to suppress. But the defendant may waive this right, if the waiver is made "voluntarily, knowingly, and intelligently." Tex. Code Crim. Proc. art. 1.14 ("The defendant in a criminal prosecution for any offense may waive any rights secured him by law."). And Ouimet has done that here. *See Marsh v. State*, 444 S.W.3d 654, 660 (Tex. Crim. App. 2014).

3

Because the record reflects that Ouimet's waiver was backed by consideration, and was made voluntarily, knowingly, and intelligently, *see Carson*, 559 S.W.3d at 496, the trial court correctly certified that Ouimet has no right of appeal. We therefore lack jurisdiction over and must dismiss this appeal. *Jones*, 488 S.W.3d at 808; Tex. R. App. P. 25.2(d). We also dismiss as moot the motions challenging the certification and non-indigency finding.

_____

Chari L. Kelly, Justice

Before Justices Triana, Kelly and Theofanis

Dismissed for Want of Jurisdiction

Filed:   October 17, 2025

Do Not Publish